# EXHIBIT H



February 8, 2012

Marlene H. Dortch
Secretary
Federal Communications Commission
445 12th Street, S.W.
Washington, DC 20554

Re:   United States Cellular Corporation

Docket No. RM 11592
Docket No. IB 11-149


Dear Ms. Dortch:

In accordance with Section 1.1206 of the Commission's rules, 47 C.F.R. § 1.1206, we hereby provide you with notice of an oral ex parte presentation in connection with the above-captioned proceedings.  On February 7, 2012, Mary Dillon, President and CEO of U.S. Cellular along with the undersigned, met with FCC Chairman Julius Genachowski; Chief of Staff Zac Katz; Senior Legal Advisor Amy Levine, and Wireless Bureau Chief Rick Kaplan.

During the course of that discussion, we discussed the impending launch by U.S. Cellular and its partner, King Street Wireless L.P. of 4G LTE devices to approximately 25% of U.S. Cellular's customer base.  Devices slated for launch are the launch of the Samsung Galaxy Tab 10.1 4G LTE mobile tablet followed shortly by the Samsung Galaxy S Aviator 4G LTE smartphone.  The March rollout includes select cities in Iowa, Wisconsin, Maine, North Carolina, Texas and Oklahoma.

U.S. Cellular stressed that notwithstanding the launch of devices, the Commission must still act quickly to address issues related to interoperability within the lower 700 MHz bands.  In recent years, U.S. Cellular has devoted significant time and expense to the development of these devices. We discussed steps to promote interoperability within the Lower 700 MHz bands that would create a stronger device ecosystem and result in significant public interest benefits, such as increased

affordability and availability of 4G equipment, increased roaming opportunities, and enhanced competition.

U.S. Cellular urged the Commission to proceed quickly with issuance of a NPRM and to move swiftly to the adoption of a final order and rules.   We also urged the Commission to address outstanding Channel 51 interference issues.

On a related item, U.S. Cellular urged the FCC to impose transaction-specific conditions that require DISH subsidiary Manifest Wireless, LCC to operate its 6 MHz of Lower 700 MHz spectrum (E Block) consistent with the limits set forth in Section 27.50 (c), excluding Subsection 27.50(c)(7) and be subject to downlink only transmission and other interference mitigation restrictions imposed under the FCC's AT&T/Qualcomm Order.   Imposition of such conditions will foster the further development of the Lower 700 ecosystem.

Sincerely,

/S/

Grant B Spellmeyer, Esq.
Executive Director – Federal Affairs & Public Policy

CCs to:

Hon. Julius Genachowski
Zac Katz, Esq.
Rick Kaplan, Esq.
Amy Levin, Esq.