# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

*ex rel.,*

MARK J. O'CONNOR AND SARA F.
LEIBMAN,

                Plaintiffs-Relators,

    v.

UNITED STATES CELLULAR
CORPORATION, *et al.*

            Defendants.

**Civil Action No.: 20-2070 (TSC)**

## PLAINTIFFS/RELATORS' RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY

Relators Mark J. O'Connor and Sara F. Leibman respectfully submit this brief response to Defendants' Notice of Supplemental Authority (ECF 187) regarding the recent Ninth Circuit decision in *United States v. Allergan, Inc.*, No. 21-15420, 2022 WL 3652967 (9th Cir. Aug. 25, 2022) (hereinafter *U.S. v. Allergan*), in which the Court of Appeals found that an *ex parte* patent prosecution is an "other Federal . . . hearing" under the second prong of the public disclosure bar. 31 U.S.C. § 3730(e)(4)(A)(ii)(2010). *See U.S. v. Allergan*, 2022 WL 3652967, at *17.

Specifically, the Court of Appeals found that the second prong of the public disclosure bar applies "to a fact-finding or investigatory process 'to *obtain* information,'" (citing *Schindler Elevator v. U.S. ex rel. Kirk,* **563 U.S. 401, 410 (2011)** (emphasis in original)**,** indicating "that Congress intended for prong (ii) to cover a wide array of investigatory processes." Id., at *15. A patent prosecution is demonstrably investigatory in nature, consisting of a lengthy formal

examination process, during which, *e.g.*, the examiner reviews the application in light of the statutory requirements, searches and compares prior technical documents, and prior patents with the patent application, requires the applicant to provide additional information, and may require corrections to the application. *See, e.g.,* 35 C.F.R. §§ 1.104; 1.105.

By contrast, the FCC's licensing proceedings do not – except in unusual circumstances – entail any further investigation beyond the sworn contents of the application.  The FCC will grant a licensing application "without a hearing if it is proper upon its face," and generally does not conduct a further review or inquiry unless it is unable to make the required findings based on the application, or if a petition to deny the application has been filed. 47 U.S.C. §309(e); 47 C.F.R. §1.945(c); *see also* 47 C.F.R. §1.2108. Indeed, the D.C. Circuit specifically noted in another case involving FCC Auction 97 that the FCC's approval of Advantage's licenses was a "wholly unexplicated ruling." *Northstar Wireless, LLC v. FCC***, ___** F.4th __, 2022 WL 2203808, at *50 (D.C. Cir. 2022).

Dated: September 8, 2022                                    Respectfully submitted,


       */s/ Sara M. Lord*

Sara M. Lord
ARNALL GOLDEN GREGORY LLP
1775 Pennsylvania Avenue NW, Suite 1000
Washington, DC 20006
Telephone:  202.677.4058
Fax:  202.677.4059
Email: sara.lord@agg.com

Benjamin James Vernia, DC Bar No. 441287
THE VERNIA LAW FIRM
1455 Pennsylvania Avenue NW, Suite 400
Washington, DC 20004
Telephone:  202.349.4053
Fax:  866.572.6728
Email: bvernia@vernialaw.com

2

*Attorneys for Relators Mark J. O'Connor*
*and Sara F. Leibman*