# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: <u>1:20–cv–02070–TSC</u>
### *Internal Use Only*

O'CONNOR et al v. US CELLULAR CORPORATION et al
Assigned to: Judge Tanya S. Chutkan
 Case in other court:  Oklahoma Western, 5:15–cv–00510
Cause: 31:3729 False Claims Act

Date Filed: 07/30/2020
Date Terminated: 03/15/2023
Jury Demand: Plaintiff
Nature of Suit: 375 False Claims Act
Jurisdiction: Federal Question

**<u>Plaintiff</u>**

| | | |
|---|---|---|
| **MARK J O'CONNOR**<br>*United States of America ex rel* | represented by | **Adriaen M. Morse , Jr.**<br>ARNALL GOLDEN GREGORY LLP<br>1775 Pennylvania Avenue<br>Suite 1000<br>Washington, DC 20006<br>202–677–4058<br>Email: <u>amorse@secillaw.com</u><br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Benjamin James Vernia**
THE VERNIA LAW FIRM
1455 Pennsylvania Avenue, NW
Suite 400
Washington, DC 20004
(202) 349–4053
Email: <u>bvernia@vernialaw.com</u>
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John P. Rowley , III**
JPROWLEY LAW PLLC
8639 Chase Glen Circle
Fairfax Station, DC 22039
(703) 402–8800
Email: <u>john.rowley@jprowleylaw.com</u>
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Georgina C. Shepard**
ARNALL GOLDEN GREGORY LLP
1775 Pennsylvania Avenue NW
Suite 1000
Washington, DC 20006
202–677–4902
Fax: 202–677–4903
Email: <u>georgina.shepard@hklaw.com</u>

*TERMINATED: 03/08/2022*
*PRO HAC VICE*

**Micah Kanters**
ARNALL GOLDEN GREGORY
1775 Pennsylvania Ave NW
Suite 1000
Washington, DC 20006
202−677−4920
Email: micah.kanters@agg.com
*TERMINATED: 04/29/2022*

**Sara M. Lord**
ARNALL GOLDEN GREGORY LLP
1775 Pennsylvania Avenue, NW
Suite 1000
Washington, DC 20006
(202) 677−4054
Fax: (202) 667−4055
Email: sara.lord@agg.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **SARA F LEIBMAN**<br>*United States of America ex rel* | represented by | **Adriaen M. Morse , Jr.**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Benjamin James Vernia**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John P. Rowley , III**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Georgina C. Shepard**
(See above for address)
*TERMINATED: 03/08/2022*
*PRO HAC VICE*

**Micah Kanters**
(See above for address)
*TERMINATED: 04/29/2022*

**Sara M. Lord**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**US CELLULAR CORPORATION**        represented by  **Frank Robert Volpe**
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, DC 20005
(202) 736–8366
Fax: (202) 736–8711
Email: fvolpe@sidley.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gabriel Schonfeld**
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, DC 20005
202–736–8483
Fax: 202–736–8711
Email: gschonfeld@gmail.com
*TERMINATED: 03/22/2023*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert Joseph Conlan , Jr.**
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, DC 20005
202–736–8560
Email: rconlan@sidley.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Benjamin M. Mundel**
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, DC 20005
(202) 736–8157
Fax: (202) 736–8711
Email: bmundel@sidley.com
*ATTORNEY TO BE NOTICED*

**David Marshall Schilling**
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, DC 20005
202–736–8946
Fax: 202–736–8711
Email: dschilling@sidley.com
*TERMINATED: 11/19/2021*

**Lucas Croslow**
SIDLEY AUSTIN LLP
1501 K Street NW
Washington, DC 20005
202–736–8643
Email: lcroslow@oag.state.va.us
*TERMINATED: 09/25/2020*

**Defendant**

**USCC WIRELESS INVESTMENT,**                 represented by   **Frank Robert Volpe**
**INC.**                                                                        (See above for address)
                                                                                   *LEAD ATTORNEY*
                                                                                   *ATTORNEY TO BE NOTICED*

                                                                                   **Gabriel Schonfeld**
                                                                                   (See above for address)
                                                                                   *TERMINATED: 03/22/2023*
                                                                                   *LEAD ATTORNEY*
                                                                                   *ATTORNEY TO BE NOTICED*

                                                                                   **Robert Joseph Conlan , Jr.**
                                                                                   (See above for address)
                                                                                   *LEAD ATTORNEY*
                                                                                   *ATTORNEY TO BE NOTICED*

                                                                                   **Benjamin M. Mundel**
                                                                                   (See above for address)
                                                                                   *ATTORNEY TO BE NOTICED*

                                                                                   **David Marshall Schilling**
                                                                                   (See above for address)
                                                                                   *TERMINATED: 11/19/2021*

                                                                                   **Lucas Croslow**
                                                                                   (See above for address)
                                                                                   *TERMINATED: 09/25/2020*

**Defendant**

**TELEPHONE AND DATA**                        represented by   **Frank Robert Volpe**
**SYSTEMS, INC.**                                                        (See above for address)
                                                                                   *LEAD ATTORNEY*
                                                                                   *ATTORNEY TO BE NOTICED*

                                                                                   **Gabriel Schonfeld**
                                                                                   (See above for address)
                                                                                   *TERMINATED: 03/22/2023*
                                                                                   *LEAD ATTORNEY*
                                                                                   *ATTORNEY TO BE NOTICED*

                                                                                   **Robert Joseph Conlan , Jr.**
                                                                                   (See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Benjamin M. Mundel**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David Marshall Schilling**
(See above for address)
*TERMINATED: 11/19/2021*

**Lucas Croslow**
(See above for address)
*TERMINATED: 09/25/2020*

**Defendant**

**KING STREET WIRELESS, L.P.**　　　represented by　**Andrew Santo Tulumello**
WEIL, GOTSHAL & MANGES LLP
2001 M Street, NW
Suite 600
Washington, DC 20036−5306
202−682−7000
Email: drew.tulumello@weil.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Chantale Fiebig**
WEIL, GOTSHAL & MANGES LLP
2001 M Street, NW
Suite 600
Washington DC, DC 20036
202−682−7000
Fax: 202−857−0940
Email: Chantale.Fiebig@weil.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stuart F. Delery**
GIBSON, DUNN & CRUTCHER, LLP
1050 Connecticut Avenue, NW
Suite 300
Washington, DC 20036−5306
(202) 887−3650
Fax: (202) 663−6363
Email: SDelery@gibsondunn.com
*TERMINATED: 12/30/2020*

**Defendant**

**KING STREET INC**　　　represented by　**Andrew Santo Tulumello**
(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Chantale Fiebig**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stuart F. Delery**
(See above for address)
*TERMINATED: 12/30/2020*

**Defendant**

**ADVANTAGE SPECTRUM LP**          represented by   **David Bitkower**
JENNER & BLOCK LLP
1099 New York Avenue, NW
Suite 900
Washington, DC 20001
202–639–6048
Email: dbitkower@jenner.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David W. DeBruin**
JENNER & BLOCK LLP
1099 New York Avenue, NW
Suite 900
Washington, DC 20001
(202) 639–6015
Fax: (202) 639–6066
Email: ddebruin@jenner.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Daniel Weiss**
JENNER & BLOCK
353 N. Clark Street
Chicago, IL 60654
312–923–4517
Email: dweiss@jenner.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**FREQUENCY ADVANTAGE LP**

**Defendant**

**NONESUCH INC**          represented by   **David Bitkower**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David W. DeBruin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Daniel Weiss**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**WILLIAM VAIL**
*TERMINATED: 04/24/2020*

**Defendant**

**ALLISON CRYOR DINARDO**          represented by     **Andrew Santo Tulumello**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Chantale Fiebig**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stuart F. Delery**
(See above for address)
*TERMINATED: 12/30/2020*

**Defendant**

**SUNSHINE SPECTRUM, INC.**          represented by     **David W. DeBruin**
202.639.6048                                         (See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Interested Party**

**UNITED STATES OF AMERICA**          represented by     **Darrell C. Valdez**
DOJ–USAO
Patrick Henry Building
601 D Street, N.W.
Washington, DC 20530
(202) 252–2507
Email: darrell.valdez@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|

| | | |
|---|---|---|
| 05/11/2015 | 2 | COMPLAINT against Advantage Spectrum LP, Allison Cryor DiNardo, Frequency Advantage LP, King Street Inc, King Street Wireless LP, Nonesuch Inc, Telephone and Data Systems Inc, US Cellular Corporation, USCC Wireless Investment Inc, William Vail filed by Sara F Leibman, Mark J O'Connor. (Attachments: # 1 Civil Cover Sheet)(kw) [Transferred from Oklahoma Western on 7/30/2020.] (Entered: 05/11/2015) |
| 11/08/2019 | 43 | ORDER granting 42 Notice of Election by the United States to Decline Intervention and Motion to Maintain the Seal Until Further Motion. Signed by Honorable Timothy D. DeGiusti on 11/8/19. (kmt) [Transferred from Oklahoma Western on 7/30/2020.] (Entered: 11/08/2019) |
| 12/04/2019 | 44 | SEALED MOTION by United States of America (kmt) Unsealed per 45 Order filed 12/5/2019 (kmt). [Transferred from Oklahoma Western on 7/30/2020.] (Entered: 12/04/2019) |
| 12/05/2019 | 45 | ORDER Lifting Seal 44 Sealed Motion. Signed by Honorable Timothy D. DeGiusti on 12/5/2019. (mb) [Transferred from Oklahoma Western on 7/30/2020.] (Entered: 12/05/2019) |
| 12/26/2019 | 46 | ORDER REASSIGNING CASE. Case reassigned to Honorable Jodi W. Dishman for all further proceedings. Honorable Timothy D. DeGiusti no longer assigned to case. Signed by Honorable Timothy D. DeGiusti on 12/26/2019. (mb) [Transferred from Oklahoma Western on 7/30/2020.] (Entered: 12/26/2019) |
| 01/30/2020 | 47 | **NOTICE FROM THE COURT.** Available on the website for the United States District Court for the Western District of Oklahoma, under "Rules & Procedures, Chambers Rules," are the following that are applicable in civil cases in front of Judge Dishman: (1) Chamber Procedures for Civil Cases (issued 1–28–2020) and (2) Civil Cases: Guidelines for Protective Orders on Confidentiality, Sealing Documents, and Redactions (issued 1–29–2020). Parties are expected to comply with these rules for all filings and proceedings going forward. The Court intends to strike filings that fail to comply with these rules. (nv) [Transferred from Oklahoma Western on 7/30/2020.] (Entered: 01/30/2020) |
| 02/25/2020 | 48 | Summons Issued Electronically as to Advantage Spectrum LP, Allison Cryor DiNardo, Frequency Advantage LP, King Street Inc, King Street Wireless LP, Nonesuch Inc, Telephone and Data Systems Inc, US Cellular Corporation, USCC Wireless Investment Inc, William Vail. (em) [Transferred from Oklahoma Western on 7/30/2020.] (Entered: 02/25/2020) |
| 03/02/2020 | 49 | Summons Issued Electronically as to Nonesuch Inc (Amended). (ank) [Transferred from Oklahoma Western on 7/30/2020.] (Entered: 03/02/2020) |
| 03/12/2020 | 50 | WAIVER OF SERVICE Returned Executed by Defendant Advantage Spectrum LP. Advantage Spectrum LP waiver sent on 2/27/2020, answer due 4/27/2020. (Behenna, Vicki) [Transferred from Oklahoma Western on 7/30/2020.] (Entered: 03/12/2020) |
| 03/12/2020 | 51 | WAIVER OF SERVICE Returned Executed by Defendant Allison Cryor DiNardo. Allison Cryor DiNardo waiver sent on 2/27/2020, answer due 4/27/2020. (Behenna, Vicki) [Transferred from Oklahoma Western on 7/30/2020.] (Entered: 03/12/2020) |
| 03/12/2020 | 52 | WAIVER OF SERVICE Returned Executed by Defendant King Street Inc. King Street Inc waiver sent on 2/27/2020, answer due 4/27/2020. (Behenna, Vicki) [Transferred from Oklahoma Western on 7/30/2020.] (Entered: 03/12/2020) |

| | | |
|---|---|---|
| 03/12/2020 | 53 | WAIVER OF SERVICE Returned Executed by Defendant King Street Wireless LP. King Street Wireless LP waiver sent on 2/27/2020, answer due 4/27/2020. (Behenna, Vicki) [Transferred from Oklahoma Western on 7/30/2020.] (Entered: 03/12/2020) |
| 03/12/2020 | 54 | WAIVER OF SERVICE Returned Executed by Defendant Nonesuch Inc. Nonesuch Inc waiver sent on 3/2/2020, answer due 5/1/2020. (Behenna, Vicki) [Transferred from Oklahoma Western on 7/30/2020.] (Entered: 03/12/2020) |
| 03/12/2020 | 55 | WAIVER OF SERVICE Returned Executed by Defendant Telephone and Data Systems Inc. Telephone and Data Systems Inc waiver sent on 2/27/2020, answer due 4/27/2020. (Behenna, Vicki) [Transferred from Oklahoma Western on 7/30/2020.] (Entered: 03/12/2020) |
| 03/12/2020 | 56 | WAIVER OF SERVICE Returned Executed by Defendant US Cellular Corporation. US Cellular Corporation waiver sent on 2/27/2020, answer due 4/27/2020. (Behenna, Vicki) [Transferred from Oklahoma Western on 7/30/2020.] (Entered: 03/12/2020) |
| 03/12/2020 | 57 | WAIVER OF SERVICE Returned Executed by Defendant USCC Wireless Investment Inc. USCC Wireless Investment Inc waiver sent on 2/27/2020, answer due 4/27/2020. (Behenna, Vicki) [Transferred from Oklahoma Western on 7/30/2020.] (Entered: 03/12/2020) |
| 03/12/2020 | 58 | WAIVER OF SERVICE Returned Executed by Defendant William Vail. William Vail waiver sent on 2/27/2020, answer due 4/27/2020. (Behenna, Vicki) [Transferred from Oklahoma Western on 7/30/2020.] (Entered: 03/12/2020) |
| 03/25/2020 | 59 | MOTION to Dismiss *William Vail Without Prejudice* by Sara F Leibman, Mark J O'Connor. (Behenna, Vicki) [Transferred from Oklahoma Western on 7/30/2020.] (Entered: 03/25/2020) |
| 04/08/2020 | 60 | ENTRY of Appearance by Daniel G Webber, Jr on behalf of Telephone and Data Systems Inc, US Cellular Corporation, USCC Wireless Investment Inc (Webber, Daniel) [Transferred from Oklahoma Western on 7/30/2020.] (Entered: 04/08/2020) |
| 04/08/2020 | 61 | ENTRY of Appearance by Chance L Pearson on behalf of Telephone and Data Systems Inc, US Cellular Corporation, USCC Wireless Investment Inc (Pearson, Chance) [Transferred from Oklahoma Western on 7/30/2020.] (Entered: 04/08/2020) |
| 04/09/2020 | 62 | ENTRY of Appearance by Samuel R Fulkerson on behalf of Advantage Spectrum LP, Nonesuch Inc, William Vail (Fulkerson, Samuel) [Transferred from Oklahoma Western on 7/30/2020.] (Entered: 04/09/2020) |
| 04/09/2020 | 63 | ENTRY of Appearance by Andre B Caldwell on behalf of Advantage Spectrum LP, Nonesuch Inc, William Vail (Caldwell, Andre) [Transferred from Oklahoma Western on 7/30/2020.] (Entered: 04/09/2020) |
| 04/09/2020 | 64 | ENTRY of Appearance by Michael K Avery on behalf of Allison Cryor DiNardo, King Street Inc, King Street Wireless LP (Avery, Michael) [Transferred from Oklahoma Western on 7/30/2020.] (Entered: 04/09/2020) |
| 04/09/2020 | 65 | DISCLOSURE STATEMENT – CORPORATE by King Street Inc . (Avery, Michael) [Transferred from Oklahoma Western on 7/30/2020.] (Entered: 04/09/2020) |
| 04/09/2020 | 66 | DISCLOSURE STATEMENT – CORPORATE by King Street Wireless LP . (Avery, Michael) [Transferred from Oklahoma Western on 7/30/2020.] (Entered: 04/09/2020) |
| 04/09/2020 | 67 | |

| | | |
|---|---|---|
| | | JOINT MOTION for Extension of Time *Deadlines for Responsive Pleadings and Motions* by Allison Cryor DiNardo, King Street Inc, King Street Wireless LP. (Avery, Michael) [Transferred from Oklahoma Western on 7/30/2020.] (Entered: 04/09/2020) |
| 04/15/2020 | 68 | **ORDER OF RECUSAL.** Honorable Jodi W. Dishman recused. Signed by Honorable Jodi W. Dishman on 04/15/2020. (nv) [Transferred from Oklahoma Western on 7/30/2020.] (Entered: 04/15/2020) |
| 04/15/2020 | 69 | **ENTER ORDER REASSIGNING CASE.** Case reassigned to the Honorable Charles Goodwin for all further proceedings. Entered at the direction of the Honorable Jodi W. Dishman on 04/15/2020. (nv) [Transferred from Oklahoma Western on 7/30/2020.] (Entered: 04/15/2020) |
| 04/15/2020 | 70 | MOTION for Leave to Appear Pro Hac Vice *for David Bitkower* Filing fee $ 50, receipt number 1087–3137878 by Advantage Spectrum LP, Nonesuch Inc, William Vail. (Attachments: # 1 Exhibit 1 – Request for Admission Bitkower)(Fulkerson, Samuel) [Transferred from Oklahoma Western on 7/30/2020.] (Entered: 04/15/2020) |
| 04/15/2020 | 71 | MOTION for Leave to Appear Pro Hac Vice *for Elizabeth Edmondson* Filing fee $ 50, receipt number 1087–3137895 by Advantage Spectrum LP, Nonesuch Inc, William Vail. (Attachments: # 1 Exhibit 1 – Request for Admission Edmondson)(Fulkerson, Samuel) [Transferred from Oklahoma Western on 7/30/2020.] (Entered: 04/15/2020) |
| 04/15/2020 | 72 | ORDER granting 70 Motion to Appear Pro Hac Vice. Mr. Bitkower shall register to file documents electronically in this district, see LCvR 83.2(g), on or before April 29, 2020, and shall file an entry of appearance, see id. R. 83.4, by that same date on the form prescribed by the Clerk of the Court. Signed by Honorable Charles Goodwin on 04/15/2020. (jb) [Transferred from Oklahoma Western on 7/30/2020.] (Entered: 04/15/2020) |
| 04/15/2020 | 73 | ORDER granting 71 Motion to Appear Pro Hac Vice. Ms. Edmondson shall register to file documents electronically in this district, see LCvR 83.2(g), on or before April 29, 2020, and shall file an entry of appearance, see id. R. 83.4, by that same date on the form prescribed by the Clerk of the Court. Signed by Honorable Charles Goodwin on 04/15/2020. (jb) [Transferred from Oklahoma Western on 7/30/2020.] (Entered: 04/15/2020) |
| 04/16/2020 | 74 | ENTRY of Appearance by David Bitkower on behalf of Advantage Spectrum LP, Nonesuch Inc, William Vail (Bitkower, David) [Transferred from Oklahoma Western on 7/30/2020.] (Entered: 04/16/2020) |
| 04/16/2020 | 75 | ENTRY of Appearance by Elizabeth A Edmondson on behalf of Advantage Spectrum LP, Nonesuch Inc, William Vail (Edmondson, Elizabeth) [Transferred from Oklahoma Western on 7/30/2020.] (Entered: 04/16/2020) |
| 04/16/2020 | 76 | ORDER granting in part and denying in part 67 Motion for Extension of Time as set forth herein. Signed by Honorable Charles Goodwin on 04/16/2020. (jb) [Transferred from Oklahoma Western on 7/30/2020.] (Entered: 04/16/2020) |
| 04/22/2020 | 77 | MOTION for Leave to Appear Pro Hac Vice *for Stuart F. Delery* Filing fee $ 50, receipt number 1087–3141854 by Allison Cryor DiNardo, King Street Inc, King Street Wireless LP. (Attachments: # 1 Exhibit 1 – Delery PHV Request)(Avery, Michael) [Transferred from Oklahoma Western on 7/30/2020.] (Entered: 04/22/2020) |
| 04/22/2020 | 78 | |

| | | |
|---|---|---|
| | | MOTION for Leave to Appear Pro Hac Vice *for Andrew S. Tulumello* Filing fee $ 50, receipt number 1087–3141862 by Allison Cryor DiNardo, King Street Inc, King Street Wireless LP. (Attachments: # 1 Exhibit 1 – Tulumello PHV Request)(Avery, Michael) [Transferred from Oklahoma Western on 7/30/2020.] (Entered: 04/22/2020) |
| 04/22/2020 | 79 | DISCLOSURE STATEMENT – CORPORATE by Telephone and Data Systems Inc . (Webber, Daniel) [Transferred from Oklahoma Western on 7/30/2020.] (Entered: 04/22/2020) |
| 04/22/2020 | 80 | DISCLOSURE STATEMENT – CORPORATE by USCC Wireless Investment Inc . (Webber, Daniel) [Transferred from Oklahoma Western on 7/30/2020.] (Entered: 04/22/2020) |
| 04/22/2020 | 81 | DISCLOSURE STATEMENT – CORPORATE by US Cellular Corporation . (Webber, Daniel) [Transferred from Oklahoma Western on 7/30/2020.] (Entered: 04/22/2020) |
| 04/22/2020 | 82 | NOTICE (other) by United States of America re 59 MOTION to Dismiss *William Vail Without Prejudice − United States' Notice of Consent to Dismissal of Defendant William Vail* (Gallegos, Ronald) [Transferred from Oklahoma Western on 7/30/2020.] (Entered: 04/22/2020) |
| 04/24/2020 | 83 | ORDER granting 77 Motion to Appear Pro Hac Vice. Mr. Delery shall register to file documents electronically in this district, see LCvR 83.2(g), on or before May 8, 2020, and shall file an entry of appearance, see id. R. 83.4, by that same date on the form prescribed by the Clerk of the Court. Signed by Honorable Charles Goodwin on 04/24/2020. (jb) [Transferred from Oklahoma Western on 7/30/2020.] (Entered: 04/24/2020) |
| 04/24/2020 | 84 | ORDER granting 78 Motion to Appear Pro Hac Vice. Mr. Tulumello shall register to file documents electronically in this district, see LCvR 83.2(g), on or before May 8, 2020, and shall file an entry of appearance, see id. R. 83.4, by that same date on the form prescribed by the Clerk of the Court. Signed by Honorable Charles Goodwin on 04/24/2020. (jb) [Transferred from Oklahoma Western on 7/30/2020.] (Entered: 04/24/2020) |
| 04/24/2020 | 85 | ORDER granting 59 MOTION to Dismiss *William Vail Without Prejudice* filed by Sara F Leibman, Mark J O'Connor. William Vail terminated. Signed by Honorable Charles Goodwin on 04/24/2020. (jb) [Transferred from Oklahoma Western on 7/30/2020.] (Entered: 04/24/2020) |
| 05/01/2020 | 86 | ENTRY of Appearance by Stuart F Delery on behalf of Allison Cryor DiNardo, King Street Inc, King Street Wireless LP (Delery, Stuart) [Transferred from Oklahoma Western on 7/30/2020.] (Entered: 05/01/2020) |
| 05/01/2020 | 87 | ENTRY of Appearance by Andrew S Tulumello on behalf of Allison Cryor DiNardo, King Street Inc, King Street Wireless LP (Tulumello, Andrew) [Transferred from Oklahoma Western on 7/30/2020.] (Entered: 05/01/2020) |
| 05/12/2020 | 88 | MOTION for Leave to Appear Pro Hac Vice *on Behalf of Robert J. Conlan* Filing fee $ 50, receipt number 1087–3152681 by Telephone and Data Systems Inc, US Cellular Corporation, USCC Wireless Investment Inc. (Attachments: # 1 Exhibit 1–Conlan Request for Admission)(Webber, Daniel) [Transferred from Oklahoma Western on 7/30/2020.] (Entered: 05/12/2020) |
| 05/12/2020 | 89 | |

| | | |
|---|---|---|
| | | MOTION for Leave to Appear Pro Hac Vice *on Behalf of Lucas W. E. Croslow* Filing fee $ 50, receipt number 1087−3152694 by Telephone and Data Systems Inc, US Cellular Corporation, USCC Wireless Investment Inc. (Attachments: # 1 Exhibit 1−Croslow Request for Admission)(Webber, Daniel) [Transferred from Oklahoma Western on 7/30/2020.] (Entered: 05/12/2020) |
| 05/12/2020 | 90 | MOTION for Leave to Appear Pro Hac Vice *on Behalf of Benjamin M. Mundel* Filing fee $ 50, receipt number 1087−3152702 by Telephone and Data Systems Inc, US Cellular Corporation, USCC Wireless Investment Inc. (Attachments: # 1 Exhibit 1−Mundel Request for Admission)(Webber, Daniel) [Transferred from Oklahoma Western on 7/30/2020.] (Entered: 05/12/2020) |
| 05/12/2020 | 91 | MOTION for Leave to Appear Pro Hac Vice *on Behalf of David M. Schilling* Filing fee $ 50, receipt number 1087−3152711 by Telephone and Data Systems Inc, US Cellular Corporation, USCC Wireless Investment Inc. (Attachments: # 1 Exhibit 1−Schilling Request for Admission)(Webber, Daniel) [Transferred from Oklahoma Western on 7/30/2020.] (Entered: 05/12/2020) |
| 05/12/2020 | 92 | MOTION for Leave to Appear Pro Hac Vice *on Behalf of Frank R. Volpe* Filing fee $ 50, receipt number 1087−3152720 by Telephone and Data Systems Inc, US Cellular Corporation, USCC Wireless Investment Inc. (Attachments: # 1 Exhibit 1−Volpe Request for Admission)(Webber, Daniel) [Transferred from Oklahoma Western on 7/30/2020.] (Entered: 05/12/2020) |
| 05/13/2020 | 93 | ORDER granting 89 Motion to Appear Pro Hac Vice. Mr. Croslow shall register to file documents electronically in this district, see LCvR 83.2(g), on or before May 27, 2020, and shall file an entry of appearance, see id. R. 83.4, by that same date on the form prescribed by the Clerk of the Court. Signed by Honorable Charles Goodwin on 05/13/2020. (jb) [Transferred from Oklahoma Western on 7/30/2020.] (Entered: 05/13/2020) |
| 05/13/2020 | 94 | ORDER granting 90 Motion to Appear Pro Hac Vice. Mr. Mundel shall register to file documents electronically in this district, see LCvR 83.2(g), on or before May 27, 2020, and shall file an entry of appearance, see id. R. 83.4, by that same date on the form prescribed by the Clerk of the Court. Signed by Honorable Charles Goodwin on 05/13/2020. (jb) [Transferred from Oklahoma Western on 7/30/2020.] (Entered: 05/13/2020) |
| 05/13/2020 | 95 | ORDER granting 91 Motion to Appear Pro Hac Vice. Mr. Schilling shall register to file documents electronically in this district, see LCvR 83.2(g), on or before May 27, 2020, and shall file an entry of appearance, see id. R. 83.4, by that same date on the form prescribed by the Clerk of the Court. Signed by Honorable Charles Goodwin on 05/13/2020. (jb) [Transferred from Oklahoma Western on 7/30/2020.] (Entered: 05/13/2020) |
| 05/13/2020 | 96 | ORDER granting 88 Motion to Appear Pro Hac Vice. Mr. Conlan shall register to file documents electronically in this district, see LCvR 83.2(g), on or before May 27, 2020, and shall file an entry of appearance, see id. R. 83.4, by that same date on the form prescribed by the Clerk of the Court. Signed by Honorable Charles Goodwin on 05/13/2020. (jb) [Transferred from Oklahoma Western on 7/30/2020.] (Entered: 05/13/2020) |
| 05/13/2020 | 97 | ORDER granting 92 Motion to Appear Pro Hac Vice. Mr. Volpe shall register to file documents electronically in this district, see LCvR 83.2(g), on or before May 27, 2020, and shall file an entry of appearance, see id. R. 83.4, by that same date on the |

| | | |
|---|---|---|
| | | form prescribed by the Clerk of the Court. Signed by Honorable Charles Goodwin on 05/13/2020. (jb) [Transferred from Oklahoma Western on 7/30/2020.] (Entered: 05/13/2020) |
| 05/14/2020 | 98 | ENTRY of Appearance by Robert J Conlan on behalf of Telephone and Data Systems Inc, US Cellular Corporation, USCC Wireless Investment Inc (Conlan, Robert) [Transferred from Oklahoma Western on 7/30/2020.] (Entered: 05/14/2020) |
| 05/19/2020 | 99 | ENTRY of Appearance by Lucas Croslow on behalf of Telephone and Data Systems Inc, US Cellular Corporation, USCC Wireless Investment Inc (Croslow, Lucas) [Transferred from Oklahoma Western on 7/30/2020.] (Entered: 05/19/2020) |
| 05/19/2020 | 100 | ENTRY of Appearance by Frank R Volpe on behalf of Telephone and Data Systems Inc, US Cellular Corporation, USCC Wireless Investment Inc (Volpe, Frank) [Transferred from Oklahoma Western on 7/30/2020.] (Entered: 05/19/2020) |
| 05/19/2020 | 101 | ENTRY of Appearance by David M Schilling on behalf of Telephone and Data Systems Inc, US Cellular Corporation, USCC Wireless Investment Inc (Schilling, David) [Transferred from Oklahoma Western on 7/30/2020.] (Entered: 05/19/2020) |
| 05/20/2020 | 102 | ENTRY of Appearance by Benjamin M Mundel on behalf of Telephone and Data Systems Inc, US Cellular Corporation, USCC Wireless Investment Inc (Mundel, Benjamin) [Transferred from Oklahoma Western on 7/30/2020.] (Entered: 05/20/2020) |
| 05/26/2020 | 103 | JOINT MOTION to Transfer Case *by Defendants to the USDC–District of Columbia* by Allison Cryor DiNardo, King Street Inc, King Street Wireless LP. (Attachments: # 1 Exhibit 1 – Amended Complaint)(Avery, Michael) [Transferred from Oklahoma Western on 7/30/2020.] (Entered: 05/26/2020) |
| 05/26/2020 | 104 | JOINT MOTION to Stay Case *by Defendants pending resolution of Joint Motion to Transfer Venue* by Allison Cryor DiNardo, King Street Inc, King Street Wireless LP. (Avery, Michael) [Transferred from Oklahoma Western on 7/30/2020.] (Entered: 05/26/2020) |
| 06/04/2020 | 105 | MOTION to Expedite *Consideration of Motion to Stay [Defendants'Joint]* by Allison Cryor DiNardo, King Street Inc, King Street Wireless LP. (Avery, Michael) [Transferred from Oklahoma Western on 7/30/2020.] (Entered: 06/04/2020) |
| 06/09/2020 | 106 | MOTION for Leave to Appear Pro Hac Vice *of Sara M. Lord* Filing fee $ 50, receipt number 1087–3169387 by All Plaintiffs. (Attachments: # 1 Exhibit Request for Admission)(Behenna, Vicki) [Transferred from Oklahoma Western on 7/30/2020.] (Entered: 06/09/2020) |
| 06/09/2020 | 107 | MOTION for Leave to Appear Pro Hac Vice *Micah L. Kanters* Filing fee $ 50, receipt number 1087–3169407 by All Plaintiffs. (Attachments: # 1 Exhibit Request for Admission)(Behenna, Vicki) [Transferred from Oklahoma Western on 7/30/2020.] (Entered: 06/09/2020) |
| 06/09/2020 | 108 | MOTION for Leave to Appear Pro Hac Vice *of John P. Rowley III* Filing fee $ 50, receipt number 1087–3169419 by All Plaintiffs. (Attachments: # 1 Exhibit Request for Admission)(Behenna, Vicki) [Transferred from Oklahoma Western on 7/30/2020.] (Entered: 06/09/2020) |
| 06/09/2020 | 109 | MOTION for Leave to Appear Pro Hac Vice *of Georgina C. Shepard* Filing fee $ 50, receipt number 1087–3169427 by All Plaintiffs. (Attachments: # 1 Exhibit Request |

| | | |
|---|---|---|
| | | for Admission)(Behenna, Vicki) [Transferred from Oklahoma Western on 7/30/2020.] (Entered: 06/09/2020) |
| 06/09/2020 | 110 | MOTION for Leave to Appear Pro Hac Vice *of Adriaen M. Morse, Jr.* Filing fee $ 50, receipt number 1087–3169437 by All Plaintiffs. (Attachments: # 1 Exhibit Request for Admission)(Behenna, Vicki) [Transferred from Oklahoma Western on 7/30/2020.] (Entered: 06/09/2020) |
| 06/10/2020 | 111 | ORDER granting 106 Motion to Appear Pro Hac Vice. Ms. Lord shall register to file documents electronically in this district, see LCvR 83.2(g), on or before June 23, 2020, and shall file an entry of appearance, see id. R. 83.4, by that same date on the form prescribed by the Clerk of the Court. Signed by Honorable Charles Goodwin on 06/10/2020. (jb) [Transferred from Oklahoma Western on 7/30/2020.] (Entered: 06/10/2020) |
| 06/10/2020 | 112 | ORDER granting 110 Motion to Appear Pro Hac Vice. Mr. Morse shall register to file documents electronically in this district, see LCvR 83.2(g), on or before June 23, 2020, and shall file an entry of appearance, see id. R. 83.4, by that same date on the form prescribed by the Clerk of the Court. Signed by Honorable Charles Goodwin on 06/10/2020. (jb) [Transferred from Oklahoma Western on 7/30/2020.] (Entered: 06/10/2020) |
| 06/10/2020 | 113 | ORDER granting 109 Motion to Appear Pro Hac Vice. Ms. Shepard shall register to file documents electronically in this district, see LCvR 83.2(g), on or before June 23, 2020, and shall file an entry of appearance, see id. R. 83.4, by that same date on the form prescribed by the Clerk of the Court. Signed by Honorable Charles Goodwin on 06/10/2020. (jb) [Transferred from Oklahoma Western on 7/30/2020.] (Entered: 06/10/2020) |
| 06/10/2020 | 114 | ORDER granting 108 Motion to Appear Pro Hac Vice. Mr. Rowley shall register to file documents electronically in this district, see LCvR 83.2(g), on or before June 23, 2020, and shall file an entry of appearance, see id. R. 83.4, by that same date on the form prescribed by the Clerk of the Court. Signed by Honorable Charles Goodwin on 06/10/2020. (jb) [Transferred from Oklahoma Western on 7/30/2020.] (Entered: 06/10/2020) |
| 06/10/2020 | 115 | ORDER granting 107 Motion to Appear Pro Hac Vice. Mr. Kanters shall register to file documents electronically in this district, see LCvR 83.2(g), on or before June 23, 2020, and shall file an entry of appearance, see id. R. 83.4, by that same date on the form prescribed by the Clerk of the Court. Signed by Honorable Charles Goodwin on 06/10/2020. (jb) [Transferred from Oklahoma Western on 7/30/2020.] (Entered: 06/10/2020) |
| 06/10/2020 | 116 | ENTRY of Appearance by Georgina C Shepard on behalf of All Plaintiffs (Shepard, Georgina) [Transferred from Oklahoma Western on 7/30/2020.] (Entered: 06/10/2020) |
| 06/10/2020 | 117 | RESPONSE in Opposition re 105 MOTION to Expedite *Consideration of Motion to Stay [Defendants'Joint]* filed by All Plaintiffs. (Shepard, Georgina) [Transferred from Oklahoma Western on 7/30/2020.] (Entered: 06/10/2020) |
| 06/11/2020 | 118 | ENTRY of Appearance by Sara M Lord on behalf of All Plaintiffs (Lord, Sara) [Transferred from Oklahoma Western on 7/30/2020.] (Entered: 06/11/2020) |
| 06/11/2020 | 119 | |

| | | |
|---|---|---|
| | | ENTRY of Appearance by John P Rowley, III on behalf of All Plaintiffs (Rowley, John) [Transferred from Oklahoma Western on 7/30/2020.] (Entered: 06/11/2020) |
| 06/11/2020 | 120 | ENTRY of Appearance by Adriaen M Morse, Jr on behalf of All Plaintiffs (Morse, Adriaen) [Transferred from Oklahoma Western on 7/30/2020.] (Entered: 06/11/2020) |
| 06/11/2020 | 121 | ENTRY of Appearance by Micah L Kanters on behalf of All Plaintiffs (Kanters, Micah) [Transferred from Oklahoma Western on 7/30/2020.] (Entered: 06/11/2020) |
| 06/12/2020 | 122 | RESPONSE in Opposition re 104 JOINT MOTION to Stay Case *by Defendants pending resolution of Joint Motion to Transfer Venue* filed by All Plaintiffs. (Lord, Sara) [Transferred from Oklahoma Western on 7/30/2020.] (Entered: 06/12/2020) |
| 06/12/2020 | 123 | ORDER granting in part and denying in part 105 Motion to Expedite. For good cause shown, Defendants' deadline to answer or otherwise respond to the Complaint is extended to August 3, 2020. Defendants' Consolidated Joint Motion to Stay Briefing on Motions to Dismiss Pending Resolution of Defendants' Consolidated Joint Motion to Transfer Venue (Doc. No. 104 ) is DENIED. Signed by Honorable Charles Goodwin on 06/12/2020. (jb) [Transferred from Oklahoma Western on 7/30/2020.] (Entered: 06/12/2020) |
| 06/15/2020 | 124 | RESPONSE in Opposition re 103 JOINT MOTION to Transfer Case *by Defendants to the USDC−District of Columbia* filed by All Plaintiffs. (Attachments: # 1 Exhibit CMA 302−Enid, OK, # 2 Exhibit CMA 597−Oklahoma 2−Harper, # 3 Exhibit CMA 600−Oklahoma 5−Roger Mills, # 4 Exhibit CMA 602−Oklahoma 7−Beckham, # 5 Exhibit CMA 603−Oklahoma 8−Jackson, # 6 Exhibit CMA 260−Lawton, OK, # 7 Exhibit CMA 604−Oklahoma 9−Garvin, # 8 Exhibit BEA 093−Joplin, MO−KS−OK, # 9 Exhibit 2015 U.S. Cellular Press Release, # 10 Exhibit King Street Wireless Communications Services Status Report)(Lord, Sara) [Transferred from Oklahoma Western on 7/30/2020.] (Entered: 06/15/2020) |
| 06/22/2020 | 125 | REPLY to Response to Motion re 103 JOINT MOTION to Transfer Case *by Defendants to the USDC−District of Columbia* filed by Allison Cryor DiNardo, King Street Inc, King Street Wireless LP. (Avery, Michael) [Transferred from Oklahoma Western on 7/30/2020.] (Entered: 06/22/2020) |
| 07/20/2020 | | **IMPORTANT NOTICE:** The United States District Court for the Western District of Oklahoma (OKWD) is upgrading its current CM/ECF system to the Next Generation of CM/ECF (NextGen CM/ECF) on Monday, August 3, 2020. Complete information regarding the OKWD NextGen CM/ECF implementation is available at http://www.okwd.uscourts.gov/nextgen−information.****Currently, you may share a single PACER account with other attorneys in your firm. With the new OKWD NextGen CM/ECF system, sharing of individual PACER accounts is prohibited. You must have an individual upgraded PACER account linked to your e−filing account. Once again, shared PACER accounts cannot be used by OKWD e−filing attorneys. ****Preparing for NextGen CM/ECF is a two−step process. Step one is to upgrade your PACER account and step two is to link your upgraded PACER account to the OKWD e−filing account in the upgraded NextGen CM/ECF system. This notice only addresses the first step because the second step cannot be completed until on or after August 3, 2020. ****Many PACER accounts have already been upgraded. The first step is to determine whether you have an "Upgraded" PACER account. If any of the following is true, you have an upgraded PACER account and no action is required until after the OKWD NextGen CM/ECF upgrade on August 3, 2020: 1) You have an upgraded PACER account for another NextGen court or 2) Your PACER account was |

| | | created after August 10, 2014. If neither of these is true, you must upgrade your legacy PACER account before you can link your PACER account to your new NextGen CM/ECF account. ****OKWDs current CM/ECF system will NOT be available from 11:00 AM on 07/31/20 until 8:00 AM on 08/03/20 due to the upgrade. ****Additional notices will be sent at a later date regarding the second step of this process. If you have questions, please contact the PACER Service Center at 800–676–6856 or the OKWD Clerk's Office CM/ECF Help Desk at 405–609–5555. (Pigott, William) (ADI) [Transferred from Oklahoma Western on 7/30/2020.] (Entered: 07/20/2020) |
|---|---|---|
| 07/28/2020 | 126 | UNOPPOSED MOTION for Leave to File Excess Pages *of Brief in Support of Motion to Dismiss* by Telephone and Data Systems Inc, US Cellular Corporation, USCC Wireless Investment Inc. (Webber, Daniel) [Transferred from Oklahoma Western on 7/30/2020.] (Entered: 07/28/2020) |
| 07/29/2020 | 127 | ORDER granting 103 Motion to Transfer Case. These matters are hereby TRANSFERRED to the United States District Court for the District of Columbia. Signed by Honorable Charles Goodwin on 07/29/2020. (jb) [Transferred from Oklahoma Western on 7/30/2020.] (Entered: 07/29/2020) |
| 07/30/2020 | 128 | Case transferred in from District of Oklahoma Western; Case Number 5:15–cv–00510. Original file certified copy of transfer order and docket sheet received. (Entered: 07/30/2020) |
| 07/31/2020 | 129 | NOTICE of Appearance by Andrew Santo Tulumello on behalf of ALLISON CRYOR DINARDO, KING STREET INC, KING STREET WIRELESS, L.P. (Tulumello, Andrew) (Entered: 07/31/2020) |
| 07/31/2020 | 130 | NOTICE of Appearance by Lucas W.E. Croslow on behalf of TELEPHONE AND DATA SYSTEMS, INC., US CELLULAR CORPORATION, USCC WIRELESS INVESTMENT, INC. (Croslow, Lucas) (Entered: 07/31/2020) |
| 07/31/2020 | 131 | NOTICE of Appearance by Stuart F. Delery on behalf of ALLISON CRYOR DINARDO, KING STREET INC, KING STREET WIRELESS, L.P. (Delery, Stuart) (Entered: 07/31/2020) |
| 07/31/2020 | 132 | NOTICE of Appearance by Robert Joseph Conlan, Jr on behalf of TELEPHONE AND DATA SYSTEMS, INC., US CELLULAR CORPORATION, USCC WIRELESS INVESTMENT, INC. (Conlan, Robert) (Entered: 07/31/2020) |
| 07/31/2020 | 133 | Consent MOTION to Set Deadline for Motions to Dismiss *Defendants' Joint Consent Motion to Set Deadline for Motions to Dismiss* by ALLISON CRYOR DINARDO, KING STREET INC, KING STREET WIRELESS, L.P. (Attachments: # 1 Proposed Order)(Tulumello, Andrew) (Entered: 07/31/2020) |
| 08/03/2020 | 134 | NOTICE of Appearance by David Marshall Schilling on behalf of TELEPHONE AND DATA SYSTEMS, INC., US CELLULAR CORPORATION, USCC WIRELESS INVESTMENT, INC. (Schilling, David) (Entered: 08/03/2020) |
| 08/03/2020 | | MINUTE ORDER: Granting Defendants' Motion 133 to Extend Deadlines, EXCEPT that all deadlines are hereby STAYED pending further order of the Court. Consistent with ECF No. 45 , "The parties shall serve copies of all pleadings and motions filed in this action, including supporting memoranda, upon the United States, as provided by 31U.S.C. § 3730(c)(3)." However, it does not appear that the United States has entered an appearance in this district and there is no evidence in the record that the |

| | | |
|---|---|---|
| | | United States has been served with a copy of Defendants' motion. Moreover, although the Relators were represented by counsel in the transferee district, the docket indicates that the Relators are either no longer represented by counsel or their attorneys have not been admitted to the bar of this court because they do not appear as counsel of record. Therefore, even though Defendants represent that the Relators have agreed to the new proposed deadline for filing Motions to Dismiss, an order by the court is premature. Additionally, prior to imposing any deadlines, the court will require a joint status report from the parties. By 9/3/2020 all parties who have entered an appearance shall file a joint status report not exceeding ten pages setting forth: 1) the nature of this case; 2) the relevant history of this case prior to the transfer; 3) how this case differs from O'CONNOR v. US CELLULAR CORPORATION (20–cv–2071–TSC); and 4) a joint proposal for moving forward with this case. To the extent counsel for the Relators have appeared, the report shall also include the status of any defendants who have not entered an appearance. The report shall be accompanied by a jointly proposed order. The Clerk of the Court shall send a copy of this order to the attorneys listed on the Complaint as counsel for the Relators (see ECF No. 2 at page 5): Vicki Behenna, CROWE & DUNLEVY, A Professional Corp. 324 North Robinson, Suite 100 Oklahoma City, OK 73102; Thomas B. Snyder, CROWE & DUNLEVY, A Professional Corp. 324 North Robinson, Suite 100 Oklahoma City, OK 73102; and Benjamin J. Vernia, THE VERNIA LA W FIRM 1455 Pennsylvania Ave., N.W., Suite 400 Washington, D.C. 20004.. Signed by Judge Tanya S. Chutkan on 8/3/2020. (DJS) (Entered: 08/03/2020) |
| 08/04/2020 | | Set/Reset Deadlines: Joint Status Report due by 9/3/2020. (tb) (Entered: 08/04/2020) |
| 08/04/2020 | 135 | NOTICE of Appearance by Adriaen M. Morse, Jr on behalf of SARA F LEIBMAN, MARK J O'CONNOR (Morse, Adriaen) (Entered: 08/04/2020) |
| 08/07/2020 | 136 | NOTICE of Appearance by Benjamin James Vernia on behalf of SARA F LEIBMAN, MARK J O'CONNOR (Vernia, Benjamin) (Entered: 08/07/2020) |
| 08/24/2020 | 137 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Sara M. Lord, Filing fee $ 100, receipt number ADCDC–7500198. Fee Status: Fee Paid. by MARK J O'CONNOR (Attachments: # 1 Declaration, # 2 Text of Proposed Order)(Morse, Adriaen) (Entered: 08/24/2020) |
| 08/25/2020 | 138 | NOTICE of Appearance by Darrell C. Valdez on behalf of UNITED STATES OF AMERICA (Valdez, Darrell) (Entered: 08/25/2020) |
| 08/25/2020 | 139 | ERRATA by UNITED STATES OF AMERICA 138 Notice of Appearance filed by UNITED STATES OF AMERICA. (Valdez, Darrell) (Entered: 08/25/2020) |
| 08/25/2020 | | MINUTE ORDER: Granting 137 Motion for Leave to Appear Pro Hac Vice. Sara M. Lord is hereby admitted pro hac vice to appear in this matter on behalf Plaintiffs–Relators.Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a). Click for instructions. Signed by Judge Tanya S. Chutkan on 8/25/2020. (DJS) (Entered: 08/25/2020) |
| 08/27/2020 | 140 | NOTICE of Appearance by Sara M. Lord on behalf of SARA F LEIBMAN, MARK J O'CONNOR (Lord, Sara) (Entered: 08/27/2020) |
| 09/03/2020 | 141 | Joint STATUS REPORT *Parties' Joint Status Report Pursuant to August 3, 2020 Order* by ALLISON CRYOR DINARDO, KING STREET INC, KING STREET WIRELESS, L.P.. (Tulumello, Andrew) (Entered: 09/03/2020) |

| | | |
|---|---|---|
| 09/18/2020 | 142 | NOTICE of Appearance by Micah Kanters on behalf of All Plaintiffs (Kanters, Micah) (Main Document 142 replaced on 9/18/2020) (ztd). (Entered: 09/18/2020) |
| 09/21/2020 | 143 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Georgina C. Shepard, Filing fee $ 100, receipt number ADCDC–7617984. Fee Status: Fee Paid. by SARA F LEIBMAN, MARK J O'CONNOR (Attachments: # 1 Declaration, # 2 Text of Proposed Order)(Morse, Adriaen) (Entered: 09/21/2020) |
| 09/25/2020 | 144 | NOTICE OF Withdrawal as Attorney *Lucas W.E. Croslow* by TELEPHONE AND DATA SYSTEMS, INC., US CELLULAR CORPORATION, USCC WIRELESS INVESTMENT, INC. (Mundel, Benjamin) Modified text on 9/29/2020 (ztd). (Entered: 09/25/2020) |
| 10/01/2020 | 145 | Joint STATUS REPORT *Supplement to September 3, 2020 Status Report* by SARA F LEIBMAN, MARK J O'CONNOR. (Attachments: # 1 Text of Proposed Order)(Kanters, Micah) (Entered: 10/01/2020) |
| 10/07/2020 | 146 | NOTICE of Proposed Order *Regarding Scheduling* by SARA F LEIBMAN, MARK J O'CONNOR re 145 Status Report (Kanters, Micah) (Entered: 10/07/2020) |
| 10/07/2020 | 147 | NOTICE of Appearance by David W. DeBruin on behalf of ADVANTAGE SPECTRUM LP, NONESUCH INC (DeBruin, David) (Entered: 10/07/2020) |
| 10/07/2020 | | MINUTE ORDER: Having considered the parties' joint status reports 145 146 , it is hereby ordered that the parties shall adhere to the following deadlines. Defendants' Responsive Pleadings and/or Motions to Dismiss due October 26, 2020. Relators' Response in Opposition to Motions to Dismiss due November 25, 2020. Defendants' Replies in Support of Motions to Dismiss due December 16, 2020. Signed by Judge Tanya S. Chutkan on 10/7/2020. (DJS) (Entered: 10/07/2020) |
| 10/08/2020 | | Set/Reset Deadlines: Dispositive Motions and/or responsive pleadings due by 10/26/2020. Response to Dispositive Motions due by 11/25/2020. Replies to Dispositive Motions due by 12/16/2020. (tb) (Entered: 10/08/2020) |
| 10/19/2020 | | MINUTE ORDER: Granting 143 Motion for Leave to Appear Pro Hac Vice. Georgina C.Shepard d is hereby admitted pro hac vice to appear in this matter on behalf Plaintiffs–Relators. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a). Click for instructions**. Signed by Judge Tanya S. Chutkan on 10/19/2020. (DJS) (Entered: 10/19/2020) |
| 10/20/2020 | 148 | NOTICE of Appearance by Gabriel Schonfeld on behalf of TELEPHONE AND DATA SYSTEMS, INC., US CELLULAR CORPORATION, USCC WIRELESS INVESTMENT, INC. (Schonfeld, Gabriel) (Main Document 148 replaced on 10/21/2020) (ztd). (Entered: 10/20/2020) |
| 10/20/2020 | 149 | NOTICE of Appearance by Georgina C. Shepard on behalf of All Plaintiffs (Shepard, Georgina) (Entered: 10/20/2020) |
| 10/26/2020 | 150 | NOTICE of Appearance by David Bitkower on behalf of ADVANTAGE SPECTRUM LP, NONESUCH INC (Bitkower, David) (Entered: 10/26/2020) |
| 10/26/2020 | 151 | MOTION to Dismiss *Complaint* by ALLISON CRYOR DINARDO, KING STREET INC, KING STREET WIRELESS, L.P. (Attachments: # 1 Memorandum of Points and Authorities, # 2 Exhibit A, # 3 Exhibit B, # 4 Proposed Order)(Tulumello, Andrew) (Entered: 10/26/2020) |

| | | |
|---|---|---|
| 10/26/2020 | | MINUTE ORDER finding as moot <u>126</u> Motion for Leave to File Excess Pages. Signed by Judge Tanya S. Chutkan on 10/26/2020. (DJS) (Entered: 10/26/2020) |
| 10/26/2020 | <u>152</u> | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Daniel J. Weiss, Filing fee $ 100, receipt number ADCDC–7759420. Fee Status: Fee Paid. by ADVANTAGE SPECTRUM LP, NONESUCH INC (Attachments: # <u>1</u> Declaration of Daniel J. Weiss, # <u>2</u> Text of Proposed Order)(DeBruin, David) (Entered: 10/26/2020) |
| 10/26/2020 | <u>153</u> | MOTION to Dismiss by ADVANTAGE SPECTRUM LP, NONESUCH INC (Attachments: # <u>1</u> Exhibit A, # <u>2</u> Exhibit B, # <u>3</u> Exhibit C, # <u>4</u> Exhibit D, # <u>5</u> Exhibit E, # <u>6</u> Exhibit F, # <u>7</u> Exhibit G, # <u>8</u> Exhibit H, # <u>9</u> Exhibit I, # <u>10</u> Text of Proposed Order)(DeBruin, David) (Entered: 10/26/2020) |
| 10/26/2020 | <u>154</u> | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by ADVANTAGE SPECTRUM LP, NONESUCH INC (DeBruin, David) (Entered: 10/26/2020) |
| 10/26/2020 | <u>155</u> | MOTION to Dismiss by TELEPHONE AND DATA SYSTEMS, INC., US CELLULAR CORPORATION, USCC WIRELESS INVESTMENT, INC. (Attachments: # <u>1</u> Brief in Support of Motion to Dismiss, # <u>2</u> Declaration of Frank Volpe in Support of Motion to Dismiss, # <u>3</u> Exhibit A to Declaration of Frank Volpe, # <u>4</u> Exhibit B to Declaration of Frank Volpe, # <u>5</u> Exhibit C to Declaration of Frank Volpe, # <u>6</u> Exhibit D to Declaration of Frank Volpe, # <u>7</u> Exhibit E to Declaration of Frank Volpe, # <u>8</u> Exhibit F to Declaration of Frank Volpe, # <u>9</u> Exhibit G to Declaration of Frank Volpe, # <u>10</u> Exhibit H to Declaration of Frank Volpe, # <u>11</u> Exhibit I to Declaration of Frank Volpe, # <u>12</u> Text of Proposed Order)(Volpe, Frank) (Entered: 10/26/2020) |
| 11/02/2020 | | MINUTE ORDER: Granting <u>152</u> Motion for Leave to Appear Pro Hac Vice. Daniel Justin Weiss is hereby admitted pro hac vice to appear in this matter on behalf of Defendants ADVANTAGE SPECTRUM LP and NONESUCH INC. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a). Click for instructions**. Signed by Judge Tanya S. Chutkan on 11/2/2020. (DJS) (Entered: 11/02/2020) |
| 11/06/2020 | <u>156</u> | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– John P. Rowley III, Filing fee $ 100, receipt number ADCDC–7805553. Fee Status: Fee Paid. by SARA F LEIBMAN, MARK J O'CONNOR (Attachments: # <u>1</u> Declaration, # <u>2</u> Text of Proposed Order)(Morse, Adriaen) (Entered: 11/06/2020) |
| 11/06/2020 | <u>157</u> | NOTICE of Appearance by Daniel Weiss on behalf of ADVANTAGE SPECTRUM LP, NONESUCH INC (Weiss, Daniel) (Entered: 11/06/2020) |
| 11/12/2020 | | MINUTE ORDER: Granting <u>156</u> Motion for Leave to Appear Pro Hac Vice. John P. Rowley III is hereby admitted pro hac vice to appear in this matter on behalf of Plaintiffs/Relators. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a). Click for instructions**. Signed by Judge Tanya S. Chutkan on 11/12/2020. (DJS) (Entered: 11/12/2020) |
| 11/18/2020 | <u>158</u> | NOTICE of Appearance by John P. Rowley, III on behalf of SARA F LEIBMAN, MARK J O'CONNOR (Rowley, John) (Entered: 11/18/2020) |
| 11/25/2020 | <u>159</u> | Memorandum in opposition to re <u>151</u> MOTION to Dismiss *Complaint*, <u>153</u> MOTION to Dismiss , <u>155</u> MOTION to Dismiss filed by SARA F LEIBMAN, MARK J O'CONNOR. (Attachments: # <u>1</u> Text of Proposed Order)(Morse, Adriaen) (Entered: |

| | | |
|---|---|---|
| | | 11/25/2020) |
| 12/16/2020 | 160 | REPLY re 155 MOTION to Dismiss filed by TELEPHONE AND DATA SYSTEMS, INC., US CELLULAR CORPORATION, USCC WIRELESS INVESTMENT, INC.. (Volpe, Frank) (Entered: 12/16/2020) |
| 12/16/2020 | 161 | REPLY to opposition to motion re 153 MOTION to Dismiss filed by ADVANTAGE SPECTRUM LP, NONESUCH INC. (DeBruin, David) (Entered: 12/16/2020) |
| 12/16/2020 | 162 | REPLY to opposition to motion re 151 MOTION to Dismiss *Complaint* filed by ALLISON CRYOR DINARDO, KING STREET INC, KING STREET WIRELESS, L.P.. (Tulumello, Andrew) (Entered: 12/16/2020) |
| 12/30/2020 | 163 | NOTICE OF WITHDRAWAL OF APPEARANCE as to ALLISON CRYOR DINARDO, KING STREET INC, KING STREET WIRELESS, L.P.. Attorney Stuart F. Delery terminated. (Delery, Stuart) (Entered: 12/30/2020) |
| 04/13/2021 | 164 | NOTICE OF SUPPLEMENTAL AUTHORITY by ADVANTAGE SPECTRUM LP, NONESUCH INC (Attachments: # 1 Exhibit A)(DeBruin, David) (Entered: 04/13/2021) |
| 04/20/2021 | 165 | RESPONSE re 164 NOTICE OF SUPPLEMENTAL AUTHORITY filed by MARK J O'CONNOR. (Morse, Adriaen) (Entered: 04/20/2021) |
| 04/30/2021 | | MINUTE ORDER: Going forward, any Notice of Supplemental Authority and any response shall be limited to 3 pages. The court will notify the parties should a reply become necessary. Signed by Judge Tanya S. Chutkan on 4/30/21. (DJS) (Entered: 04/30/2021) |
| 06/11/2021 | 166 | NOTICE of Change of Address by Andrew Santo Tulumello (Tulumello, Andrew) (Entered: 06/11/2021) |
| 11/19/2021 | 167 | NOTICE OF WITHDRAWAL OF APPEARANCE as to TELEPHONE AND DATA SYSTEMS, INC., US CELLULAR CORPORATION, USCC WIRELESS INVESTMENT, INC.. Attorney David Marshall Schilling terminated. (Mundel, Benjamin) (Entered: 11/19/2021) |
| 01/04/2022 | 168 | NOTICE of Appearance by Chantale Fiebig on behalf of ALLISON CRYOR DINARDO, KING STREET INC, KING STREET WIRELESS, L.P. (Fiebig, Chantale) (Entered: 01/04/2022) |
| 03/07/2022 | 169 | MOTION to Withdraw as Attorney *Georgina A. Shepard* by MARK J O'CONNOR. (Morse, Adriaen) (Entered: 03/07/2022) |
| 03/08/2022 | | MINUTE ORDER granting 169 *Motion to Withdraw as Attorney.* Attorney Georgina C. Shepard terminated. Signed by Judge Tanya S. Chutkan on 3/8/2022. (lcac) (Entered: 03/08/2022) |
| 03/31/2022 | 170 | MEMORANDUM OPINION re 151 *Motion to Dismiss*, 153 *Motion to Dismiss*, & 155 *Motion to Dismiss*. (Attachments: # 1 Appendix). Signed by Judge Tanya S. Chutkan on 3/31/2022. (lcac) (Entered: 03/31/2022) |
| 03/31/2022 | 171 | ORDER granting 151 *Motion to Dismiss*; granting 153 *Motion to Dismiss*; & granting 155 *Motion to Dismiss*. Any amended complaint shall be filed no later than April 29, 2022. See order for further details. Signed by Judge Tanya S. Chutkan on 3/31/2022. (lcac) (Entered: 03/31/2022) |

| 03/31/2022 | | Set/Reset Deadlines: Amended Complaint due by 4/29/2022. (tb) (Entered: 03/31/2022) |
|---|---|---|
| 04/29/2022 | 172 | ENTERED IN ERROR.....AMENDED COMPLAINT against SARA F LEIBMAN, MARK J O'CONNOR with Jury Demand filed by SARA F LEIBMAN, MARK J O'CONNOR. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3, # 4 Exhibit Exhibit 4, # 5 Exhibit Exhibit 5, # 6 Exhibit Exhibit 6, # 7 Exhibit Exhibit 7, # 8 Exhibit Exhibit 8, # 9 Exhibit Exhibit 9, # 10 Exhibit Exhibit 10, # 11 Exhibit Exhibit 11, # 12 Exhibit Exhibit 12, # 13 Exhibit Exhibit 13, # 14 Exhibit Exhibit 14, # 15 Exhibit Exhibit 15, # 16 Exhibit Exhibit 16)(Lord, Sara) Modified to enter in error on 5/2/2022; refiled as Docket Entry 174 . (znmw). (Entered: 04/29/2022) |
| 04/29/2022 | 173 | MOTION to Withdraw as Attorney *Micah Kanters* by SARA F LEIBMAN, MARK J O'CONNOR. (Kanters, Micah) (Entered: 04/29/2022) |
| 04/29/2022 | 174 | AMENDED COMPLAINT against All Defendants with Jury Demand filed by SARA F LEIBMAN, MARK J O'CONNOR. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit, # 13 Exhibit, # 14 Exhibit, # 15 Exhibit, # 16 Exhibit)(Lord, Sara) (Entered: 04/29/2022) |
| 04/29/2022 | | MINUTE ORDER granting 173 Motion to Withdraw as Attorney. Attorney Micah Kanters terminated. Signed by Judge Tanya S. Chutkan on 4/29/22. (DJS) (Entered: 04/29/2022) |
| 05/09/2022 | 175 | MOTION for Extension of Time to File Answer re 174 Amended Complaint, , MOTION for Briefing Schedule */ Agreed Motion for Extension of Time to Respond to Amended Complaint and for Briefing Schedule* by ADVANTAGE SPECTRUM LP, ALLISON CRYOR DINARDO, KING STREET INC, KING STREET WIRELESS, L.P., NONESUCH INC, TELEPHONE AND DATA SYSTEMS, INC., US CELLULAR CORPORATION, USCC WIRELESS INVESTMENT, INC.. (Attachments: # 1 Proposed Order)(DeBruin, David) (Entered: 05/09/2022) |
| 05/10/2022 | | MINUTE ORDER: Granting Consent 175 Motion for Extension of Deadlines. The deadline for Defendants to file any motions or other responses to the Amended Complaint shall be June 13, 2022. Plaintiffs' response(s) to those motions shall be filed by July 27, 2022. Defendants' replies shall be filed by August 17, 2022.Signed by Judge Tanya S. Chutkan on 5/10/22. (DJS) (Entered: 05/10/2022) |
| 05/10/2022 | | Set/Reset Deadlines: Motion due by 6/13/2022. Response due by 7/27/2022. Reply due by 8/17/2022. (tb) (Entered: 05/10/2022) |
| 05/16/2022 | 176 | REQUEST FOR SUMMONS TO ISSUE *Sunshine Spectrum, Inc.* filed by SARA F LEIBMAN, MARK J O'CONNOR.(Lord, Sara) (Entered: 05/16/2022) |
| 05/17/2022 | 177 | SUMMONS (1) Issued Electronically as to SUNSHINE SPECTRUM, INC.. (znmw) (Entered: 05/17/2022) |
| 06/13/2022 | 178 | MOTION to Dismiss *the Amended Complaint* by ALLISON CRYOR DINARDO, KING STREET INC, KING STREET WIRELESS, L.P.. (Attachments: # 1 Memorandum in Support, # 2 Declaration of Brian Liegel, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C, # 6 Exhibit D, # 7 Exhibit E, # 8 Exhibit F, # 9 Exhibit G, # 10 Exhibit H, # 11 Exhibit I, # 12 Exhibit J, # 13 Exhibit K, # 14 Exhibit L, # 15 Exhibit M, # 16 Text of Proposed Order)(Tulumello, Andrew) (Entered: 06/13/2022) |

| 06/13/2022 | 179 | MOTION to Dismiss *Amended Complaint* by ADVANTAGE SPECTRUM LP, NONESUCH INC, SUNSHINE SPECTRUM, INC.. (Attachments: # 1 Memorandum in Support, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Text of Proposed Order)(DeBruin, David) (Entered: 06/13/2022) |
|---|---|---|
| 06/13/2022 | 180 | MOTION to Dismiss *Plaintiffs/Relators' Amended Complaint* by TELEPHONE AND DATA SYSTEMS, INC., US CELLULAR CORPORATION, USCC WIRELESS INVESTMENT, INC.. (Attachments: # 1 Memorandum in Support of Motion to Dismiss, # 2 Text of Proposed Order)(Volpe, Frank) (Entered: 06/13/2022) |
| 07/25/2022 | 181 | MOTION for Leave to File *Consolidated Response* by SARA F LEIBMAN, MARK J O'CONNOR. (Attachments: # 1 Text of Proposed Order)(Lord, Sara) (Entered: 07/25/2022) |
| 07/27/2022 | | MINUTE ORDER granting 181 *Motion for Leave to File Consolidated Response in Excess of Page Limits*. Plaintiff–Relators may file a consolidated response to Defendants' *Motions to Dismiss. See* ECF Nos. 178 , 180 , and 181 . Plaintiff–Relators' consolidated response is not to exceed **60** pages. Signed by Judge Tanya S. Chutkan on 7/27/2022. (lcac) (Entered: 07/27/2022) |
| 07/27/2022 | 182 | RESPONSE re 179 MOTION to Dismiss *Amended Complaint*, 180 MOTION to Dismiss *Plaintiffs/Relators' Amended Complaint*, 178 MOTION to Dismiss *the Amended Complaint* filed by SARA F LEIBMAN, MARK J O'CONNOR. (Attachments: # 1 Text of Proposed Order)(Lord, Sara) (Entered: 07/27/2022) |
| 07/29/2022 | 183 | Unopposed MOTION for Extension of Time to File Response/Reply as to 179 MOTION to Dismiss *Amended Complaint*, 180 MOTION to Dismiss *Plaintiffs/Relators' Amended Complaint*, 178 MOTION to Dismiss *the Amended Complaint* by ADVANTAGE SPECTRUM LP, ALLISON CRYOR DINARDO, KING STREET INC, KING STREET WIRELESS, L.P., NONESUCH INC, SUNSHINE SPECTRUM, INC., TELEPHONE AND DATA SYSTEMS, INC., US CELLULAR CORPORATION, USCC WIRELESS INVESTMENT, INC.. (Attachments: # 1 Text of Proposed Order)(Tulumello, Andrew) (Entered: 07/29/2022) |
| 08/07/2022 | | MINUTE ORDER: Granting 183 Unopposed Motion for Extension of Deadlines. Defendants shall file reply briefs in support of their motions to dismiss the amended complaint by August 24, 2022. Signed by Judge Tanya S. Chutkan on 8/7/22. (DJS) (Entered: 08/07/2022) |
| 08/07/2022 | | Set/Reset Deadlines: Reply due by 8/24/2022. (tb) (Entered: 08/07/2022) |
| 08/24/2022 | 184 | REPLY to opposition to motion re 180 MOTION to Dismiss *Plaintiffs/Relators' Amended Complaint* filed by TELEPHONE AND DATA SYSTEMS, INC., US CELLULAR CORPORATION, USCC WIRELESS INVESTMENT, INC.. (Volpe, Frank) (Entered: 08/24/2022) |
| 08/24/2022 | 185 | REPLY to opposition to motion re 179 MOTION to Dismiss *Amended Complaint / Reply Memorandum of Law in Support of the Motion to Dismiss of Defendants Advantage Spectrum, L.P., Sunshine Spectrum, Inc., and Nonesuch, Inc.* filed by ADVANTAGE SPECTRUM LP, NONESUCH INC, SUNSHINE SPECTRUM, INC.. (DeBruin, David) (Entered: 08/24/2022) |
| 08/24/2022 | 186 | |

| | | |
|---|---|---|
| | | REPLY to opposition to motion re <u>178</u> MOTION to Dismiss *the Amended Complaint* filed by ALLISON CRYOR DINARDO, KING STREET INC, KING STREET WIRELESS, L.P.. (Tulumello, Andrew) (Entered: 08/24/2022) |
| 09/02/2022 | <u>187</u> | NOTICE OF SUPPLEMENTAL AUTHORITY by ADVANTAGE SPECTRUM LP, ALLISON CRYOR DINARDO, KING STREET INC, KING STREET WIRELESS, L.P., NONESUCH INC, SUNSHINE SPECTRUM, INC., TELEPHONE AND DATA SYSTEMS, INC., US CELLULAR CORPORATION, USCC WIRELESS INVESTMENT, INC. (Attachments: # <u>1</u> Exhibit A)(Tulumello, Andrew) (Entered: 09/02/2022) |
| 09/08/2022 | <u>188</u> | RESPONSE re <u>187</u> NOTICE OF SUPPLEMENTAL AUTHORITY, filed by SARA F LEIBMAN, MARK J O'CONNOR. (Lord, Sara) (Entered: 09/08/2022) |
| 03/09/2023 | <u>189</u> | MEMORANDUM OPINION re: <u>178</u> Motion to Dismiss, <u>179</u> Motion to Dismiss, and <u>180</u> Motion to Dismiss. Signed by Judge Tanya S. Chutkan on 03/09/2023. (lcss) (Entered: 03/09/2023) |
| 03/09/2023 | <u>190</u> | ORDER granting <u>178</u> Motion to Dismiss; granting <u>179</u> Motion to Dismiss; and granting <u>180</u> Motion to Dismiss. Signed by Judge Tanya S. Chutkan on 03/09/2023. (lcss) (Entered: 03/09/2023) |
| 03/22/2023 | <u>191</u> | NOTICE OF WITHDRAWAL OF APPEARANCE as to TELEPHONE AND DATA SYSTEMS, INC., US CELLULAR CORPORATION, USCC WIRELESS INVESTMENT, INC.. Attorney Gabriel Schonfeld terminated. (Volpe, Frank) (Entered: 03/22/2023) |
| 04/07/2023 | <u>192</u> | NOTICE OF APPEAL TO DC CIRCUIT COURT by SARA F LEIBMAN, MARK J O'CONNOR. Filing fee $ 505, receipt number ADCDC–9983754. Fee Status: Fee Paid. Parties have been notified. (Lord, Sara) (Entered: 04/07/2023) |

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| UNITED STATES OF AMERICA, *ex rel.* MARK J. O'CONNOR and SARA F. LEIBMAN., |
| Plaintiffs-Relators, |
| v. |
| UNITED STATES CELLULAR CORPORATION, *et al.,* |
| Defendants. |

Civil Action No.: 20-cv-2070 (TSC)

## <u>RELATORS' NOTICE OF APPEAL</u>

Relators Mark J. O'Connor and Sara F. Leibman ("Relators") hereby appeal to the United

States Court of Appeals for the District of Columbia Circuit, pursuant to Federal Rule of

Appellate Procedure 3, this Court's March 9, 2023 Order, Dkt. No. 190, granting Defendants'

joint motions to dismiss Relator's First Amended Complaint, *see* Dkt. Nos. 174, 178, 179, 180.

By:  /s/ *Sara M. Lord*

Sara M. Lord
ARNALL GOLDEN GREGORY LLP
2100 Pennsylvania Ave NW, Suite 350 S
Washington, DC 20037
Telephone:  202.677.4058
Fax:  202.677.4059
sara.lord@agg.com

Benjamin J. Vernia, DC Bar No. 441287

THE VERNIA LAW FIRM
1455 Pennsylvania Avenue NW, Suite 400
Washington, DC 20004
Telephone:  202.349.4053
Fax:  866.572.6728

Date: April 7, 2023

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| **UNITED STATES OF AMERICA**, *ex rel.* **MARK J. O'CONNOR** and **SARA F. LEIBMAN** |
| Plaintiffs-Relators, |
| v. |
| **UNITED STATES CELLULAR CORPORATION**, *et al.*, |
| Defendants. |

Civil Action No. 20-cv-2070 (TSC)

## <u>ORDER</u>

For the reasons set forth in the accompanying Memorandum Opinion, ECF No. 189,

Defendants' Motions to Dismiss, ECF Nos. 178, 179, 180, are hereby GRANTED. The case is

DISMISSED with prejudice. This is a final appealable order.

Date: March 9, 2023

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

**UNITED STATES OF AMERICA**, *ex rel.*
**MARK J. O'CONNOR** and **SARA F.**
**LEIBMAN**

                Plaintiffs-Relators,

    v.

**UNITED STATES CELLULAR**
**CORPORATION**, *et al.*,

                Defendants.

---

Civil Action No. 20-cv-2070 (TSC)

## <u>MEMORANDUM OPINION</u>

Plaintiffs-Relators Mark J. O'Connor and Sara F. Leibman filed this False Claims Act action against Defendants Advantage Spectrum, L.P., Allison Cryor DiNardo, Frequency Advantage, L.P., King Street Inc., King Street Wireless, L.P., Nonesuch, Inc., Telephone and Data Systems, Inc., United States Cellular Corporation, and USCC Wireless Investment, Inc. in the United States District Court for the Western District of Oklahoma. Compl., ECF No. 2. After the United States declined to intervene, ECF No. 42, the case was transferred upon joint motion of the Defendants to this court in 2020, ECF No. 127. Upon transfer, three Defendants separately moved to dismiss. ECF Nos. 151, 153, 155. The court granted those motions, dismissing Plaintiffs' claims without prejudice, but allowed Plaintiffs-Relators to file an amended complaint, ECF No. 171, which they did, *see* Am. Compl., ECF No. 174. The three Defendants have renewed their motions to dismiss, ECF Nos. 178, 179, 180. As in its previous decision, the court will address the motions to dismiss jointly because all three make the same

26

substantive arguments.  For the reasons that follow, the court will again **GRANT** Defendants'

motions and dismiss Plaintiffs-Relators' claims—this time, with prejudice.

## I.        BACKGROUND

The court has already set forth most of the relevant legal and factual background for this

case.  *See United States ex rel. O'Connor v. United States Cellular Corp.*, No. 20-CV-2070

(TSC), 2022 WL 971290, at *1-3 (D.D.C. Mar. 31, 2022).  In sum:  Plaintiffs-Relators are

communications law attorneys who allege that Defendants fraudulently represented that

Frequency Advantage, L.P. ("Advantage") was a "very small business" qualifying for

"Designated Entity" status and therefore a discount on its bids for electromagnetic spectrum

licenses during a 2015 Federal Communications Commission ("FCC") auction.

The court dismissed Plaintiffs-Relators' claims in March 2022 under the False Claims

Act's ("FCA") public disclosure bar.  *Id.* at *7.  The bar requires the court to "dismiss an action

or claim" if "substantially the same allegations or transactions" have been publicly disclosed in a

hearing in which the Government or its agent was a party, in certain federal reports, hearings,

audits, or investigations, or in the new media.  31 U.S.C. § 3730(e)(4)(A).  However, if the

relator was the "original source" of the information on which their allegations are based, and that

information "materially adds to the publicly disclosed allegations or transactions," the public

disclosure bar does not apply.  *Id.* § 3730(e)(4)(B); *Rockwell Int'l Corp. v. United States*, 549

U.S. 457, 467 (2007) (defining "original source").

In its decision granting the original motions to dismiss, the court identified three central

allegations Plaintiffs-Relators advanced to support their FCA claims and found that none

overcame the public disclosure bar.  First, Plaintiffs-Relators alleged there was evidence that

U.S. Cellular controlled Advantage—evidence which was reportedly "shown in detail" in

another case but could not be incorporated by reference into this case.  2022 WL 971290 at *4.

Second, Plaintiffs-Relators alleged that Advantage's FCC filings revealed its *de facto* control by U.S. Cellular—but all such filings were publicly accessible on the FCC's docket or U.S. Cellular's website and therefore "would have given the Government sufficient notice to 'adequately investigate the case and make a decision whether to prosecute.'" *Id.* at *5 (citing *United States ex rel. Davis v. D.C.*, 679 F.3d 832, 836 (D.C. Cir. 2012)). And third, Plaintiffs-Relators alleged they had gathered information through "surveillance and private investigation of Defendants' offices and employees"—but that information failed to "materially add to the allegations and transactions already in the public domain." *Id.* at *5-6. As a result, Plaintiffs-Relators did not qualify as an "original source" and the court dismissed their claims but allowed them the opportunity to file an amended complaint. *Id.* at *6-7.

## II.  LEGAL STANDARD

A motion to dismiss for failure to state a claim under Federal Rule of Procedure 12(b)(6) tests the legal sufficiency of a complaint. *See Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). To survive that motion, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 67 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when the facts alleged allow the court to reasonably infer the defendant's culpability for the misconduct alleged. *Id.* In drawing such reasonable inferences, the court must grant the plaintiff "the benefit of all inferences that can be derived from the facts alleged." *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000) (quoting *Schuler v. United States*, 61 F.2d 605, 608 (D.C. Cir. 1979)).

## III.  ANALYSIS

The court granted Plaintiffs-Relators leave to amend their allegations to allow them to attempt to proffer different allegations or transactions from those already in the public domain.

The Amended Complaint fails to do so.  The "core allegation" Plaintiffs-Relators identify in their Amended Complaint is the same as in their original Complaint, which the court already held did not overcome the public disclosure bar.  They proffer the same FCC filings and other public information from their original Complaint, and, despite their efforts to elaborate on the nature and findings of their "significant independent investigation," they again fail to materially add to publicly disclosed information and do not qualify as an original source.  As a result, the FCA precludes their claims.[1]

**A.  <u>The Amended Complaint's core allegations have not changed</u>**

At the outset, it bears emphasis that the Amended Complaint ultimately relies on the same—and fatally barred—allegations that Plaintiffs-Relators originally raised.  In its prior decision, the court described Plaintiffs-Relators' central claim thusly: "Advantage was not a genuine DE that took investment from [U.S. Cellular], and . . . U.S. Cellular control[led] Advantage directly, as well as indirectly, through its alleged affiliates" to "falsely present[] claims for payment from" and "avoid making payments to the federal government."  2022 WL 971290 at *3.  According to Plaintiffs-Relators, the Amended Complaint is different because it clarifies that the "core allegation" is not merely "that U.S. Cellular controlled Advantage and its licensed spectrum, but that the Defendants established and used Advantage as a vehicle for U.S. Cellular to fraudulently obtain, use, and retain spectrum licenses."  Plaintiffs/Relators' Consolidated Response in Opposition to Defendants' Motions to Dismiss at 14, ECF No. 182 ("Opposition").  But that is the same claim as in the original motion, repackaged:  U.S. Cellular

---

[1] As in their original motions to dismiss, Defendants also argue that Plaintiffs-Relators have failed to show an objectively false claim, scienter, or that the allegedly false claims were material to the government payments in question.  Because the public disclosure bar again independently requires dismissal, the court does not reach these arguments.

defrauded the government *by exercising control over Advantage* before, during, and after Advantage obtained spectrum licenses. The core allegation remains unchanged.[2]

Plaintiffs-Relators also contend that the Amended Complaint adds allegations that Advantage continued to engage in fraudulent compliance certifications after the sale, in addition to the initial fraud in obtaining the discount. Opposition at 14-15. That contention misses the mark. In the first place, the original Complaint's allegations also spoke to Defendants' post-auction conduct, suggesting that the fraud was ongoing. *See, e.g.*, Compl. ¶ 76 (referring to U.S. Cellular's continued control and financing of Advantage wireless networks); *id.* ¶ 78 (asserting that Defendants' public agreements "effectively provide[] a cover for U.S. Cellular to control the build out and ownership of the networks that will use the Advantage licenses"). But there is a more fundamental problem: At best, allegations that Defendants fraudulently *maintained* Advantage as a front for U.S. Cellular to *keep* their discount still only point to "specific instances of fraud where the general practice"—that Defendants fraudulently *created* Advantage as a front for U.S. Cellular to *obtain* their discount—"has already been exposed." *United States ex rel. Oliver v. Philip Morris USA Inc.*, 826 F.3d 466, 472 (D.C. Cir. 2016); (quoting *United States ex rel. Settlemire v. District of Columbia*, 198 F.3d 913, 919 (D.C. Cir. 1999)). As the court previously found, and the next section reiterates, public documents have already exposed the allegations and transactions underlying Plaintiffs-Relators' claims.

**B.  Public FCC filings continue to bar this action**

Advantage's FCC filings and other publicly available documents continue to bar Plaintiffs-Relators' claims. In its prior Opinion, the court observed that all six documents that

---

[2] The specific, supporting allegations Plaintiffs-Relators point to in their Amended Complaint are not new, either. *Compare* Opposition at 14, *with* Compl. ¶¶ 4, 8-10, 42-45, 47, 52.

Plaintiffs-Relators cited in support of their allegations were "available on the FCC's public docket" or "publicly accessible on U.S. Cellular's website and . . . submitted for the FCC's review." 2022 WL 971290 at *5. These filings "would have given the Government sufficient notice to 'adequately investigate the case and to make a decision whether to prosecute.'" *Id.* (quoting *Davis*, 679 F.3d at 836). That conclusion has not changed.

The Amended Complaint deleted many of its citations to public filings but has kept most of the same allegations. *See* King Street Wireless, Inc., and Allison Cryor DiNardo Motion to Dismiss at 15-16, ECF No. 178-1 ("KSW MTD") (comparing the original and amended complaints). These changes do not avoid the public disclosure bar; the court cannot turn a blind eye to those filings, even if Plaintiffs-Relators do not cite them. *See United States ex rel. Scott v. Pac. Architects & Engineers , Inc.*, No. CV 13-1844 (CKK), 2020 WL 224504 at *6 (D.D.C. Jan. 15, 2020) (noting that the plaintiffs-relators had "deleted most of their direct references to [a] State Department audit," but still considering the audit and determining that it triggered the bar). The existence of the filings therefore bars Plaintiffs-Relators' claims in the Amended as well as the original Complaint.

Plaintiffs-Relators' efforts to relitigate that conclusion are unavailing. First, they argue that because FCC licensing proceedings are decided on the papers, and not by live presentations, they are not "Federal criminal, civil, or administrative hearing[s]" within the meaning of FCA public disclosures. Opposition at 15-18 (quoting 31 U.S.C. § 3730(e)(4)(A)(i)). Even if that argument were not foreclosed by the court's prior Opinion, *see* 2022 WL 971290 at *5, it would run headlong into longstanding D.C. Circuit precedent. "For purposes of [the public disclosure bar], 'hearing' is roughly synonymous with 'proceeding'"—including "'paper' proceedings."

*United States ex rel. Springfield Terminal Ry. Co. v. Quinn*, 14 F.3d 645, 652 (D.C. Cir. 1994).

FCC filings for licensing proceedings therefore qualify as public disclosures.

Second, Plaintiffs-Relators again dispute the court's conclusion that the FCC filings could have "alerted law-enforcement authorities to the likelihood of wrongdoing." Opposition at 20 (quoting *Settlemire*, 198 F.3d at 918). They assert that the FCC filings "did not include information exposing that Advantage was and is a *fraudulent* DE acting for U.S. Cellular." *Id.* However, they admit the existence of both (1) the FCC filings' summaries stating that there was no *de facto* control, and (2) the Advantage-U.S. Cellular agreements (and their attachments) upon which Plaintiffs-Relators have relied to show *de facto* control. *See* Opposition at 21-22; *see also id.* at 14. These are, respectively, the allegedly "misrepresented state of facts (X)" and "true state of facts (Y)" that together amount to the "allegation of fraud (Z)." 2022 WL 971290 at *4 (citing *United States ex rel. Shea v. Cellco P'ship*, 863 F.3d 923, 933 (D.C. Cir. 2017)). Because both sets of documents were publicly filed with the FCC, they triggered the public disclosure bar.

Plaintiffs-Relators' amendments have not altered the landscape. The only new documents that they purportedly rely upon, in addition to the FCC filings, are alleged "secret" agreements showing that Advantage's DE certification and compliance were fraudulent. *See* Opposition at 14 (citing Am. Compl. ¶¶ 4, 7, 52-53, 55-58, 60, 70-73, 83, 97, 101, 103-104, 106-110, 112-117, 135, 137, 141-142)). The Amended Complaint refers mainly to one such agreement: the 2011 Network Sharing Agreement between King Street Wireless and U.S. Cellular, which would allow U.S. Cellular to lease portions of King Street Wireless's spectrum to use for its own customers. *See, e.g.*, Am. Compl. ¶¶ 70-73. This is the "detail" from the related case that Plaintiffs-Realtors only incorporated by reference into their original complaint.

2022 WL 971290 at *4.  Plaintiffs-Relators contend that that agreement shows that U.S. Cellular controlled King Street Wireless, which in turn controlled Advantage—ergo, that U.S. Cellular controlled Advantage.  Even accepting that premise, though, it is not substantially dissimilar from the allegations arising from the FCC filings themselves.  Either way, at bottom lies the same core allegation: that U.S. Cellular controlled Advantage to fraudulently obtain and retain the 25% bid discount for DEs.  Moreover, other public documents—including statements from the FCC itself—have already revealed that U.S. Cellular and King Street agreed to share network around that time.  *See, e.g.*, *In the Matter of Promoting Interoperability in the 700 Mhz Comm'n. Spectrum*, 27 F.C.C. Rcd. 352 & n.77 (2012) (recognizing that that King Street Wireless had agreed to allow U.S. Cellular to share its spectrum); *see also* sources cited at KSW MTD at 18-19 & n.6.[3]  So, to the (questionable) extent that any inference of control can be drawn from the agreement to share spectrum, that fact is already public and has been for some time.  As a result, Plaintiffs-Relators' reliance on the 2011 Network Sharing Agreement fails to overcome the public disclosure bar.

The Amended Complaint also asserts that there were "other oral or implied agreements that were necessary to carry out the conspiracy."  Am. Compl. ¶ 141(f).  But that assertion cannot bear the weight Plaintiffs-Relators place on it.  In the first place, it is essentially the same assertion made in the original Complaint—that Defendant had "hidden the true agreements, understandings, and relationships between King Street and U.S. Cellular."  Compl. ¶ 52.

---

[3] "A court may take judicial notice of facts contained in public records of other proceedings," *Detroit Int'l Bridge Co. v. Gov't of Canada*, 133 F. Supp. 3d 70, 84 (D.D.C. 2015) (citing *Abhe & Svoboda, Inc. v. Chao,* 508 F.3d 1052, 1059 (D.C. Cir. 2007)), along with other "government documents available from reliable sources," *id.* at 85 (citations omitted).

Further, the Amended Complaint supplies no allegations to support that assertion beyond information that is already publicly available. And in any event, Plaintiffs-Relators fail to allege how any additional secret agreements differ sufficiently from publicly available ones such that they could support allegations substantially distinct from those that the court has already identified and found to be barred. *See supra* Section III.A; 2022 WL 971290 at *4-6. Consequently, Plaintiffs-Relators' assertions of additional secret agreements cannot amount to more than "speculation" based on publicly existing information, and therefore cannot overcome the public disclosure bar. *Shea*, 863 F.3d at 934 (quoting *Oliver*, 826 F.3d at 479).

## C.  **Plaintiffs-Relators still do not qualify as "original sources"**

Because the Amended Complaint is premised on "substantially the same allegations or transactions" that have already been publicly disclosed, Plaintiffs-Relators' suit must be dismissed unless they qualify as an "original source." Plaintiffs-Relators may so qualify only by obtaining and sharing "knowledge that is independent of and materially adds to the publicly disclosed allegations or transactions." 31 U.S.C. § 3730(e)(4)(B). In its prior Opinion, the court concluded that Plaintiffs-Relators' proffered "surveillance and private investigations" failed to meet that standard. 2022 WL 971290 at *6. For similar reasons, the court reaches the same conclusion here.

Plaintiffs-Relators assert that their independent efforts have yielded seven new allegations supporting their claim:

> (1) in the past six years since the licenses were awarded, Advantage has never had a legitimate place of business; employed anyone other than Vail, or conducted itself in any way as if it were a business (¶¶ 87-88; 118-122, 133); (2) Advantage's bidding was conducted from King Street's offices, and under the control of U.S. Cellular and DiNardo/King Street27 (¶¶ 89, 92); (3) U.S. Cellular hired experts to educate Vail on the mechanics of placing bids (¶ 90); (4) one of the two Advantage designated bidders was a King Street employee with no known relationship with, or duty to, Advantage and controlled by

DiNardo (¶ 91); (5) Advantage and U.S. Cellular entered into and concealed their agreement to transfer the licenses to U.S. Cellular (¶ 103); (6) pursuant to that undisclosed agreement, Advantage has transferred control of the licenses to U.S. Cellular through the purported spectrum manager leases (¶¶ 124-128); and (7) the spectrum manager lease for 76 licenses was falsely and fraudulently drafted to cover as little spectrum as possible to avoid the unjust enrichment payment, notwithstanding that U.S. Cellular already controlled the licenses. (¶ 126).

Opposition at 34 (internal citations are to paragraphs in the Amended Complaint). Ultimately, however, these allegations do not individually or collectively amount to a material addition to the publicly disclosed information and allegations.

The court has already considered and rejected the first, second, and fourth allegations. In its prior Opinion, it specifically acknowledged the allegations that Advantage was not using its offices, that Advantage conducted its bidding from King Street Wireless's offices, and that one of Advantage's designated bidders was a King Street Wireless employee. 2022 WL 971290 at *6. It is also no surprise that Advantage was not acting "as if it were a business": Advantage's own DE annual reports, which Plaintiffs-Relators attached to their Amended Complaint, state that Advantage had no customers and had not constructed any equipment. Am. Compl., Exs. 10-14, ECF Nos. 174-10-14. Once again, these allegations do "not significantly expand the court's understanding of the essential factual background of this case" or provide "information that might have otherwise influenced the Government, as shown by the fact that the Government elected not to intervene in this case." 2022 WL 971290 at *6.

The other allegations fare no better. The third, that U.S. Cellular hired experts to educate Advantage on how to bid, is merely a collateral detail to the already public fact that U.S. Cellular and King Street Wireless would "assist [Advantage] in the conduct [sic] the bidding activities." 2022 WL 971290 at *5 (citing the Advantage partnership agreement filed with the FCC). The fifth allegation refers to the existence of "secret" agreements which, as the court has already

explained, is no more than speculation based on public documents. *Supra* Section III.B. As for the sixth and seventh allegations, Advantage and U.S. Cellular specifically disclosed to the FCC the formation and nature of the spectrum manager leases upon which Plaintiff-Relators rely. *See* Am. Compl., Ex. 15, ECF No. 174-15 ("notify[ing] the Commission of a Long-Term Spectrum Manager Lease Agreement"). Ultimately, then, the Amended Complaint does not meaningfully support any of these allegations with non-public, independent knowledge uncovered by Plaintiffs-Relators' investigations. They therefore cannot qualify Plaintiffs-Relators for original-source status.[4]

## IV.    CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss (ECF Nos. 178, 179, & 180) will be **GRANTED**. This time, Plaintiffs-Relators' claims will be dismissed with prejudice. A corresponding order will accompany this Memorandum Opinion.

Date: March 9, 2023

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge

---

[4] Defendants again argue that a 2008 *qui tam* action brought by Plaintiff-Relator O'Connor's law firm is another public disclosure that would invoke the public disclosure bar. *See Lampert & O'Connor, P.C. v. Carroll Wireless, L.P.*, 07-cv-0800 (D.D.C. May 2, 2010). Because the court has found that bar already applies based on the public FCC filings, the court need not address this argument.