**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, EX REL. MARK J. O'CONNOR and SARA F. LEIBMAN, | |
| Plaintiffs, | |
| v. | Case No. 20-CV-2070-TSC |
| UNITED STATES CELLULAR CORPORATION, USCC WIRELESS INVESTMENT, INC., TELEPHONE AND DATA SYSTEMS, INC., KING STREET WIRELESS, L.P., KING STREET INC., ADVANTAGE SPECTRUM, L.P., FREQUENCY ADVANTAGE, L.P., SUNSHINE SPECTRUM, INC., NONESUCH, INC., and ALLISON CRYOR DINARDO, | |
| Defendants. | |

**JOINT STATEMENT REGARDING**
**PROPOSED SCHEDULE FOR FURTHER PROCEEDINGS**

  Pursuant to the Court's November 10, 2025, Minute Order directing the parties to meet and confer and propose a schedule for further proceedings, Plaintiff-Relators Mark J. O'Connor and Sara F. Leibman, and Defendants Advantage Spectrum L.P., Allison Cryor Dinardo, Frequency Advantage, L.P., King Street, Inc., King Street Wireless, L.P., Nonesuch, Inc., Sunshine Spectrum, Inc., Telephone and Data Systems, Inc., U.S. Cellular Corporation, and USCC Wireless Investment, Inc., (collectively, "Defendants" and together with Plaintiff-Relators the "Parties"), submit the following Proposed Schedule for Further Proceedings. Defendant Allison DiNardo, the corporate defendants, and plaintiffs have met and conferred on a schedule for further proceedings.

1

As discussed below, Ms. DiNardo plans to file a motion to dismiss the Amended Complaint on grounds that this Court and the D.C. Circuit did not previously address. The corporate defendants plan to file a motion to dismiss the Amended Complaint on similar grounds, including renewing a public disclosure bar argument that they have consistently raised but that neither this Court nor the D.C. Circuit has resolved—an argument that a prior *qui tam* action, filed in 2008, bars these claims.

All parties have reached agreement on the following briefing schedule for motions to dismiss:

| Event | Deadline |
|---|---|
| Motions to Dismiss | January 22, 2026 |
| Oppositions to Motions to Dismiss | March 5, 2026 |
| Reply Briefs | March 26, 2026 |

The parties have not reached agreement, however, on other aspects of the schedule. Plaintiffs' position is that discovery should occur while motions to dismiss are pending. Ms. DiNardo's position is that discovery should not occur until the Court has ruled on Ms. DiNardo's forthcoming motion to dismiss. The corporate defendants' position, similarly, is that discovery should not occur until the Court has resolved all motions to dismiss.

The parties' respective positions are set forth below.

**I. Plaintiff-Relators' Position**

This action has been pending for over 10 years. It is time to begin fact discovery before evidence is lost and memories fade. Therefore, the Court can and should order the parties to proceed with limited written discovery and document productions, notwithstanding Defendants' anticipated renewed motions to dismiss. A continued discovery embargo at this juncture would

prejudice Relators and is neither required by the Federal Rules of Civil Procedure, this Court's Local Civil Rules, nor supported the D.C. Circuit caselaw.

**Background and Procedural Posture**

This *qui tam* action was filed in 2015. In 2023, the district court granted Defendants' motion to dismiss based on the public-disclosure bar. The D.C. Circuit reversed and remanded in September 2025. Defendants have stated that they intend to refile their Fed. R. Civ. P. 12 motions pressing the grounds that this Court did not previously reach. And now, despite this case now moving into its second decade without discovery, Defendants seek to invoke Local Civil Rule 16.3(b) to forestall a Rule 26(f) conference and to delay all discovery pending a decision on their anticipated motions.

In recognition of the upcoming briefing and in the spirit of compromise, Plaintiff-Relators have proposed limiting initial discovery to just written discovery and commencing document production – information that Defendants have acknowledged was largely provided previously to the Government during its investigation. Relators have offered to hold off on depositions until the Court issues a ruling on Defendants' forthcoming motions to dismiss. Specifically, Relators proposed:

| Event | Deadline |
|---|---|
| Parties Meet & Confer Regarding Limited Written Discovery Plan | January 29, 2026 |
| Submission of Initial Limited Written Discovery Plan | February 5, 2026 |
| Initial Scheduling Conference | February 19, 2026 (or a later date as determined by the Court) |

Relators offered this middle-ground in an attempt to allow the parties to begin written discovery and preserve evidence, while sparing Defendants the burden of depositions while their

motions to dismiss are pending. Defendants rejected this offer of compromise and seek to delay all fact discovery until after the Court enters an order on the anticipated renewed motions to dismiss.

**Governing Standards**

There is no automatic stay of discovery in federal civil practice when a Rule 12 motion is filed. *See United States ex rel. Westrick v. Second Chance Body Armor, Inc.*, No. 04-0280 (RWR/AK), 2007 U.S. Dist. LEXIS 116259, at *8 (D.D.C. Aug. 31, 2007) ("Generally, a pending motion to dismiss is not a good reason to stay discovery."); *see also Moss v. Hollis,* No. B-90-177 (PCD), 1990 U.S. Dist. LEXIS 13647, at *2 (D. Conn. 1990) ("[H]ad the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, they would contain such a provision."). Defendants, as the parties seeking a stay, must make a "strong showing that a stay is justified." *Ipoc Int'l Growth Fund v. Diligence*, No. 06-1109 (PLF/AK), 2006 U.S. Dist. LEXIS 113353, at *5 (D.D.C. Oct. 13, 2006) (ordering limited discovery that would result in minimal burden to defendants until motions to dismiss were decided). The burden falls on the parties requesting a stay to justify such a request. *Id.* at *5–6 (defendant failed to show "strong showing" for extending a months-long effective stay already in place).

Instead, the Federal Rules commit discovery timing and scope to the district court's discretion and emphasize proportionality and efficiency. Rule 1 charges the Court and parties with securing the just, speedy, and inexpensive determination of every action. Rule 16(b) directs issuance of a scheduling order as soon as practicable, and, as applicable here, Rule 26(d) allows the Court to sequence discovery, including where the parties are exempt from a Rule 26(f)

conference.[1] *See* Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), *except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.*" (emphasis added)).

Local Civil Rule 16.3(b) proceeds from the same premise. It exempts defined categories of cases, including cases with a pending dispositive motion, from the default Rule 26(f) reporting mechanics. *See* LCvR 16.3(b). That is all it does. It neither displaces the Federal Rules nor strips the Court of its authority to require a Rule 26(f) conference or to authorize discovery tailored to the circumstances of a specific case. The purpose is to conserve resources where early conference activity would likely be wasted, not to mandate multi-year discovery embargos when targeted steps would forestall prejudice and promote efficiency. *See id.* Where fairness and efficiency so require, federal courts routinely direct the parties to confer and proceed with limited discovery to position the case for prompt resolution when motion practice concludes.

The Federal Rules expressly contemplated that attempts to stay discovery should not lead to abuse, and the authority to exempt cases from Rule 26(f) by local rule was aimed only at matters in which "there is likely to be little or no discovery." Fed. R. Civ. P. 26(f) advisory committee's note to 1993 amendment ("Although there is no restriction on commencement of discovery in these cases, it is not expected that this opportunity will often lead to abuse since there is likely to be little or no discovery in most such cases.").

---

[1] The Court need not choose between full discovery and a full stop. The Court should also authorize issuance of third-party subpoenas now, with reasonable return dates and accommodations, to mitigate the heightened loss-of-evidence risk that attaches to non-party materials after ten years. To minimize burden on the parties, the Court should defer depositions and expert discovery until after it rules on Defendants' motions, with the parties to confer promptly on a complete schedule aligned to the Court's decision.

In general, the type of cases the Federal Rules contemplated courts from exempting by local rule were limited to: (i) "cases in which there will be no discovery," (ii) "cases in which discovery is rarely needed," or (iii) "in which a meeting of the parties might be impracticable." *Id.* None of these situations apply here. Further delaying the commencement of discovery inverts the structure of Rule 26 by turning a limited exemption for cases with no discovery into a de facto stay mechanism.

### The Court Should Enter Relators' Proposed Limited Written Discovery Schedule

#### A. Deferring Discovery will Prejudice Relators

This action is now in its second decade with no merits discovery to date. Memories are fading; custodians may have left; information systems may have changed; and routine retention schedules increase the likelihood that electronically stored information will be lost absent active collection and production. These risks are amplified by the nature of this False Claims Act litigation, which turns on complex transactional records and third-party materials that will become progressively harder to locate or compel with the passage of time. A continued, blanket delay would compound the harm already caused by years without discovery and would create a substantial risk that relevant evidence will be irretrievably lost. The age of this case weighs heavily in favor of allowing the limited discovery proposed by Relators to proceed. *See DSMC, Inc. v. Convera Corp.*, 273 F. Supp. 2d 14, 31 (D.D.C. Aug. 29, 2002) ("Allowing a case to languish for years on this Court's docket would not serve the interest of this Court or the parties involved."); *Vantage Commodities Fin. Servs. I, LLC v. Assured Risk Transfer PCC, LLC*, 1:17-cv-01451, 2019 U.S. Dist. LEXIS 70417, at *11 (D.D.C. Apr. 26, 2019).

**B. Plaintiff-Relators' Proposed Limited Discovery Schedule Honors Efficiency While Preventing Prejudice.**

District courts remain empowered by Federal Rule 26(d)(1) to authorize discovery to begin when in the interest of justice. *See Degen v. United States*, 517 U.S. 820, 826 (1996) (district courts retain broad authority to manage discovery "as the interests of justice require")

This Court applies a "good cause" standard to determine whether to permit discovery before the Rule 26(f) conference. *See Malibu Media, LLC v. Doe*, 15-cv-986 (RDM), 2015 U.S. Dist. LEXIS 11722, at *1 (D.D.C. 2018) ("good cause" to take discovery prior to the Rule 26(f) conference exists where the discovery is necessary before the suit can progress); *Arista Records LLC v. Doe*, 551 F. Supp. 2d 1, 6 (D.D.C. 2008) (finding "good cause" for expedited discovery); *Warner Bros. Records Inc. v. Doe*, 527 F. Supp. 2d 1, 2 (D.D.C. 2007) ("Courts have wide discretion in discovery matters and have allowed parties to conduct expedited discovery where good cause is shown.") (citing *Ellsworth Associates, Inc. v. U.S.*, 917 F. Supp. 841 (D.D.C. 1996)).

Plaintiff-Relators have patiently waited over 10 years for discovery to begin. The risk of further delays to the commencement of discovery constitutes "good cause" for discovery to begin immediately. Further delays impair Plaintiff's ability to meaningfully use discovery tools to advance its claims and stand in conflict with Federal Rule 26 which seeks to prevent the abuse of discovery rules to delay proceedings.

**C. Defendants do not have "good cause" to continue delaying discovery.**

Defendants' speculative assertion that their anticipated renewed motions to dismiss will dispose of Relators' claims is not enough reason to delay discovery. *See Ipoc Int'l Growth Fund v. Diligence*, 2006 U.S. Dist. LEXIS 113353, at *6 (quoting *Continental Illinois Bank & Trust Co. v. Caton*, 130 F.R.D. 145, 148 (D. Kan. 1990) ("[B]are assertions that discovery . . . should be stayed pending dispositive motions that will probably be sustained, are insufficient to justify the

entry of an order staying discovery generally.")). This is especially true if the Court could grant leave to amend following any grant of a motion to dismiss. *Id. See also Ronaldson v. Nat'l Ass'n of Home Builders*, No. 19-01034 (CKK/DAR), 2020 U.S. Dist. LEXIS 107435, at *3 (D.D.C. June 3, 2020) (citing *Ipoc Int'l Growth Fund* to suggest sole reliance on the filing of a motion to dismiss is insufficient to justify a stay of all discovery).

Furthermore, the limited discovery proposed by Relators would impose no undue burden on Defendants. Rule 26(c) specifically empowers the Court to set terms and limits for discovery to avoid undue burden. Where the proper remedy for burden is targeted scope and sequencing, not paralysis, the Relators' proposal for limiting discovery to written discovery and document production satisfies these requirements.

Finally, if Defendants posit that Local Rule 16.3(b) exempts this case from all discovery obligations until their motions are resolved, the answer is that the local rule yields to a court order. What Relators seek is precisely such a preliminary scheduling order, justified by the record of delay, the appellate remand, and the concrete risk of evidentiary loss.

**Conclusion**

Plaintiff-Relators are ready to proceed with discovery. The Federal Rules, the decisions of this Court, and the Court's inherent authority provide ample discretion to manage discovery in a way that is both fair and efficient while dispositive motions are pending. Even if Defendants' motions could terminate the case, the Court should not impose a blanket halt at this stage. Instead, the Court should order a limited Rule 26(f) conference and the limited written discovery schedule proposed by Relators, facilitating the production of core, objective records that will be non-wasteful under any outcome, while deferring depositions and expert discovery until after the Court rules. Relators' proposed calibrated plan mitigates the substantial prejudice that would flow

from further delay in a ten-year-old FCA case, honors the D.C. Circuit's remand, and maintains the Court's discretion to secure the just, speedy, and inexpensive determination of this action.

## II. Defendant DiNardo's Position

Discovery should not commence until the Court resolves Ms. DiNardo's forthcoming motion to dismiss, which will seek to dismiss all claims against her with prejudice. This approach is consistent with this District's common practice of staying discovery while potentially dispositive motions are pending, and it would conserve the Court's and the parties' resources. This result is particularly warranted here because plaintiffs have gratuitously and inexplicably sued Ms. DiNardo in her individual capacity even though plaintiffs do not and cannot plausibly allege that Ms. DiNardo had any meaningful involvement in the challenged conduct.

**Background**. This False Claims Act case arises from an auction for wireless spectrum administered by the FCC. Plaintiffs allege that fraud occurred in connection with one specific auction, Auction 97, and bring claims under the False Claims Act against nine corporate defendants, including U.S. Cellular Corporation, Advantage Spectrum, L.P., King Street Wireless Inc, and King Street Wireless L.P. Plaintiffs also bring FCA claims against Defendant Allison DiNardo in her individual capacity. Plaintiffs sued Ms. DiNardo personally even though (a) Ms. DiNardo received no licenses or bidding credits from the government in Auction 97, (b) Ms. DiNardo never held any direct interest in Advantage, the entity which acquired licenses and bidding credits in Auction 97, and sold her indirect, minority interest in an entity that served as general partner of Advantage more than six months *before* the FCC granted spectrum licenses to Advantage, (c) the FCC filings at issue were amended six times after Ms. DiNardo sold her indirect, minority interest, and Ms. DiNardo had no involvement in preparing or submitting those filings, and (d) Ms. DiNardo has sold her interests in King Street Wireless, Inc. and King Street

Wireless, L.P., which remain defendants in the case. These undisputed facts leave no doubt that Ms. DiNardo does not belong in this case. Indeed, the D.C. Circuit affirmed this Court's dismissal of the related action in which Ms. DiNardo was also named as a defendant. *See United States ex rel. O'Connor v. USCC Wireless Investment, Inc.*, 128 F.4th 276, 290 (D.C. Cir. 2025).

Ms. DiNardo previously moved to dismiss the Amended Complaint on numerous grounds, including that (a) the FCA's public disclosure bar precludes plaintiffs' claims due to public FCC filings, (b) the public disclosure bar independently precludes plaintiff's claims because a prior *qui tam* lawsuit alleged the same fraud scheme, (c) the Amended Complaint fails to plausibly allege core FCA elements for Ms. DiNardo, including presentment, scienter, and materiality, and (d) the Amended Complaint's conspiracy and reverse FCA allegations are legally defective. *See* ECF No. 178-1. The Court dismissed the complaint because publicly-disclosed information in FCC filings triggered the public disclosure bar, and the Court did not address Ms. DiNardo's other arguments for dismissal. *See* ECF No. 189. The D.C. Circuit reversed the dismissal based on the public disclosure bar and did not address any other issue. *United States ex rel. O'Connor* v. *U.S. Cellular Corp.*, 153 F.4th 1272, 1281–82 (D.C. Cir. 2025).

Ms. DiNardo intends to move to dismiss the Amended Complaint with prejudice on grounds that neither this Court nor the D.C. Circuit has previously addressed, including the Amended Complaint's failure to plausibly allege core FCA elements for Ms. DiNardo specifically. The Amended Complaint includes few allegations about Ms. DiNardo. It does not allege that Ms. DiNardo submitted any bids in Auction 97 or signed any submissions to the government; to the contrary, the Amended Complaint often relies on impermissible "and/or" pleading to lump Ms. DiNardo in with the corporate defendants.

**Argument.** The "decision whether to stay discovery is committed to the sound discretion of the district court judge." *White v. Fraternal Order of Police*, 909 F.2d 512, 517 (D.C. Cir. 1990). "It is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending." *Anderson v. U.S. Attorney's Office*, No. 91–2262, 1992 WL 159186, at *1 (D.D.C. June 19, 1992). "[C]ourts in this district 'have often stayed discovery'" in this posture. *Loumiet v. United States*, 225 F. Supp. 3d 79, 82 (D.D.C. 2016) (quoting *Sai v. Dep't of Homeland Sec.*, 99 F. Supp. 3d 50, 58 (D.D.C. 2015)). And for good reason: A stay of discovery pending the determination of a dispositive motion "is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." *Chavous v. D.C. Fin. Resp. & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) (quoting *Coastal States Gas Corp. v. Department of Energy*, 84 F.R.D. 278, 282 (D. Del. 1979)).

These well-settled principles control here. Ms. DiNardo plans to move to dismiss the Amended Complaint with prejudice under Rule 12(b)(6) because, among other things, the Amended Complaint fails to plausibly allege numerous FCA elements and is legally defective. If granted, this motion would be dispositive for Ms. DiNardo and likely all defendants. *See U.S. ex rel. Bender v. N. Am. Telecom., Inc.,* 686 F. Supp. 2d 46, 53–54 (D.D.C. 2010) (dismissing an FCA claim against individual defendants given the absence of "specific allegations against individual defendants"). Courts in this District routinely stay discovery while dispositive motions are pending. *See, e.g.*, *Seltzer v. Gensler*, No. 1:21-cv-02093 (D.D.C. Feb. 16, 2022) (staying discovery pending the resolution of a motion to dismiss); *Petty v. Am. Fed'n of Gov't Emps.*, No. 21-3161, 2022 WL 22716556, at *5 (D.D.C. Jan. 21, 2022) (same); *Small Bus. in Transp. Coal. v. United States Dep't of Transp.*, No. 20-883, 2021 WL 7287302, at *1 (D.D.C. Mar. 21, 2021)

(same); *Loumiet*, 225 F. Supp 3d at 81–85 (same); *Moore v. Castro*, No. 14-2109, 2016 WL 10674309, at *1–*2 (D.D.C. Jan. 14, 2016) (same); *Sai*, 99 F. Supp. 3d at 58 (same). Doing so is likewise appropriate here and will conserve critical resources of the Court and its staff as well as the parties. This is particularly true given that plaintiffs have sued Ms. DiNardo personally. Subjecting Ms. DiNardo to burdensome and intrusive discovery, potentially including a deposition, before the Court resolves her threshold challenges to the legal deficiencies of the complaint would be inefficient and inequitable. Indeed, if the Court dismisses the complaint against all defendants, Ms. DiNardo would not be subjected to discovery at all.

During the parties' conferrals, plaintiffs have advanced no persuasive arguments for why discovery should proceed while dispositive motions to dismiss are pending. Nor could they. Plaintiffs have not and cannot identify any prejudice they would suffer from beginning discovery (if necessary) after the resolution of potentially dispositive motions to dismiss. To the contrary, plaintiffs voluntarily elected not to seek discovery while the previously-filed motions to dismiss were pending. There also are many publicly-available materials related to plaintiffs' allegations, including filings with the FCC, which underscores the lack of prejudice from staying discovery here. Moreover, Ms. DiNardo seeks to stay discovery for a limited period of time, while motions to dismiss are pending, and these motions will be fully briefed by March 2026. These circumstances warrant staying discovery. *See Maljack Prods., Inc. v. Motion Picture Ass'n of Am.*, No. CIV.A. 90-1121, 1990 WL 157900, at *1 (D.D.C. Oct. 3, 1990) (staying discovery through pending motions to dismiss due to the "early stage of the proceedings" and the stay's "limited period of time"). Additionally, although this case was filed in 2015, some of those years were the mandatory sealing period in FCA cases. Plaintiffs' decision to initially file the case in Oklahoma, which had no nexus to the case, also materially delayed the case.

Finally, plaintiff's proposal that depositions not begin until six months after the opening of discovery, or immediately after the Court rules on the forthcoming motions to dismiss, in no way cures the problems with plaintiff's proposal. Plaintiffs' proposal explicitly permits *all* discovery while motions to dismiss are pending—including written discovery and depositions. It also would require the Court to expend its resources while the motions to dismiss are pending, including on the initial scheduling conference and potential motions practice on discovery disputes. Plaintiffs' "compromise" proposal is not a compromise at all and would instead require full-blown discovery while dispositive motions remain pending. And even if plaintiffs' proposal represented a narrowing of discovery (it does not), courts in this District have rejected such piecemeal approaches because they are inefficient and "a waste of resources." *Sai*, F. Supp. 3d at 58.

In sum, the Court should enter the parties' agreed-upon briefing schedule for the forthcoming motions to dismiss but stay discovery until resolution of the motions to dismiss.

### III. Corporate Defendants' Position

Defendants U.S. Cellular Corp., USCC Wireless Investment, Inc., Telephone and Data Systems, Inc., King Street Wireless, L.P., King Street Inc., Advantage Spectrum, L.P., Frequency Advantage, L.P., Sunshine Spectrum, Inc., and Nonesuch, Inc. (collectively, "U.S. Cellular") join Defendant DiNardo in her request to stay discovery until resolution of the motions to dismiss. The corporate defendants write to emphasize that discovery would be particularly wasteful and inefficient given the likelihood that defendants will—as they have twice already—prevail on their motions to dismiss.

The narrow rulings by this Court and the D.C. Circuit resolved only a subset of the grounds for dismissal U.S. Cellular already presented (and plan to present once more), and judicially noticeable developments in the FCC since the Amended Complaint was filed have only

strengthened those arguments. This Court dismissed plaintiffs' first complaint based on public disclosures in FCC filings, ECF No. 170, and then dismissed plaintiffs' Amended Complaint on the same basis, ECF No. 189. The D.C. Circuit reversed that narrow ruling after analyzing the public disclosure bar and original source exception *exclusively* as applied to information in "Advantage's own FCC filings." *United States ex rel. O'Connor v. U.S. Cellular Corp.*, 153 F.4th 1272, 1279 (D.C. Cir. 2025). While the appeal was pending, the FCC granted the request that U.S. Cellular acquire control of Advantage over plaintiffs' objections. *In re Application of Advantage Spectrum, L.P. & William C. Vail & U.S. Cellular Corp*, FCC GN Dkt. No. 25-604 (July 11, 2025) (hereinafter, "FCC Order").

U.S. Cellular is likely to succeed again on its remaining arguments that have yet to be addressed. U.S. Cellular plans to invoke the public disclosure bar based on the 2008 *qui tam* action, which neither this Court nor the D.C. Circuit has considered. ECF No. 170 at 11 n.6; ECF No. 189 at 11 n.4; *O'Connor*, 153 F.4th at 1279. U.S. Cellular also plans to argue that plaintiffs have failed to particularly (Fed. R. Civ. P. 9(b)) or plausibly (Fed. R. Civ. P. 12(b)(6)) plead core elements of their FCA claim such as, for example, materiality—an issue that the FCC has already conclusively decided against plaintiffs. *See* FCC Order ¶ 10 n.30 ("Even if we were to consider all of the allegations made by Petitioners to be true and accurate … [that] does not lead us to the conclusion that the actions taken by the Applicants would have caused us to deny the original license applications, or even ensured that we would have denied bidding credits.").

As such, there is no reason to incur "unnecessary discovery expenses." *Covad Commc'ns Co. v. Revonet, Inc.*, 250 F.R.D. 14, 18 (D.D.C. 2008). As Defendant DiNardo has already explained, a stay of discovery in these circumstances "is an eminently logical" tool to promote efficiency and avoid waste. *Chavous v. D.C. Fin. Resp. & Mgmt. Assistance Auth.*, 201 F.R.D. 1,

2 (D.D.C. 2001) (quoting *Coastal States Gas Corp. v. Department of Energy*, 84 F.R.D. 278, 282 (D. Del. 1979)). The corporate defendants submit that when this Court revisits the several additional reasons for dismissal that remain after remand, it will likely reach the same conclusion it has reached twice already: "the[] claims must be dismissed." ECF No. 170 at 13; *see* ECF No. 189 at 11. Accordingly, the Court should enter the parties' agreed-upon briefing schedule but stay discovery until resolution of the motions to dismiss.

Dated: December 10, 2025                    Respectfully submitted,

                                            */s/ Sara M. Lord*

                                            Sara M. Lord, DC Bar No. 1620099
                                            Gabriel H. Scannapieco, DC Bar No. 90012713
                                            **ARNALL GOLDEN GREGORY LLP**
                                            1775 Pennsylvania Avenue NW, Suite 1000
                                            Washington, DC 20006
                                            Telephone: 202.677.4058
                                            Fax: 202.677.4059
                                            sara.lord@agg.com
                                            gabe.scannapieco@agg.com

                                            *Attorneys for Plaintiff-Relators*
                                            *Mark J. O'Connor and Sara F. Leibman*

                                            */s/ Andrew S. Tulumello*

                                            Andrew S. Tulumello, DC Bar No. 468351
                                            Chantale Fiebig, DC Bar No. 487671
                                            **WEIL, GOTSHAL & MANGES LLP**
                                            2001 M Street, N.W.
                                            Washington, DC 20036
                                            Telephone: (202) 682-7100
                                            Facsimile: (202) 857-0940
                                            drew.tulumello@weil.com
                                            chantale.fiebig@weil.com

                                            *Attorneys for Defendant Allison Cryor DiNardo*

*/s/ Frank R. Volpe*

Frank R. Volpe, D.C. Bar No. 458791
Kwaku A. Akowuah, D.C. Bar No. 992575
Victor T. Hiltner, D.C. Bar No. 90005590
**SIDLEY AUSTIN LLP**
1501 K Street, NW
Washington, DC 20005
Telephone: (202) 736-8000
Fax: (202) 736-8711
fvolpe@sidley.com
kakowuah@sidley.com
vhiltner@sidley.com

*Attorneys for U.S. Cellular Corp., USCC
Wireless Investment, Inc., Telephone and Data
Systems, Inc., King Street Wireless, L.P., King
Street Inc., Advantage Spectrum, L.P.,
Frequency Advantage, L.P., Sunshine
Spectrum, Inc., and Nonesuch, Inc.*