**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** *ex rel.* **MARK J. O'CONNOR AND SARA F. LEIBMAN,**<br><br>Plaintiffs-Relators,<br><br>v.<br><br>**UNITED STATES CELLULAR CORPORATION,** ***et al.*****,**<br><br>Defendants. | **Civil Action No.: 1:20-cv-2070 (TSC)** |

**JOINT REPORT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 26(f) AND LOCAL RULE 16.3**

Plaintiffs-Relators Mark J. O'Connor and Sara F. Leibman ("Relators") and Defendants U.S. Cellular Corp., USCC Wireless Investment, Inc., Telephone and Data Systems, Inc., King Street Wireless, L.P., King Street Wireless, Inc., Advantage Spectrum, L.P., Frequency Advantage, L.P., Sunshine Spectrum, Inc., Nonesuch, Inc., and Allison Cryor DiNardo (collectively, "Defendants"),[1] jointly submit the following report pursuant to Local Civil Rule 16.3 and Federal Rule of Civil Procedure 26(f). The parties conferred via video call on September 1, 2026 and later exchanged drafts of this report via email, and their respective positions are set forth below.

[1] United States Cellular Corporation sold its wireless operations and select spectrum to T-Mobile and changed its name to Array Digital Infrastructure, Inc. in August 2025. For further explanation of the entity Defendants' present names and affiliations, see Defendants' LCvR 26.1 certificate at ECF 210.

## I. Summary of the Case

This case involves allegations of fraud in connection with spectrum licenses obtained by Advantage Spectrum, L.P. ("Advantage") in an auction conducted by the Federal Communications Commission ("FCC") between November 2014 and January 2015. Advantage obtained spectrum licenses with the benefit of approximately $113 million in bid credits awarded by the FCC on the basis that it constituted a very small business under the statute and regulations.

Relators filed this False Claims Act case against Defendants. Relators allege that Advantage conspired with U.S. Cellular, and the other defendants, to fraudulently misrepresent and conceal in its FCC filings that U.S. Cellular, in fact, controlled and had an attributable material relationship with Advantage, which would have disqualified Advantage from receiving bidding credits as a very small business.

Defendants deny Relators' allegations.

## II. Deadline to Amend Pleadings and/or Join Parties

The Parties agree that pleadings shall be amended and any other parties shall be joined by January 8, 2027.[2]

## III. Assignment to Magistrate Judge

The Parties do not believe the case should be assigned to a magistrate judge for all purposes, including trial.

## IV. Possibility of Settlement and ADR

The Parties do not believe settlement discussions will be productive at this time. The Parties also do not currently believe that the case could benefit from alternative dispute resolution

[2] For the avoidance of doubt, amendments on or before this deadline will be governed by Federal Rule of Civil Procedure 15(a)(2).

procedures. However, the Parties will continue to consider the possibility of settlement and mediation as discovery progresses.

## V. Dispositive Motions/Summary Judgment

The Parties anticipate filing summary judgment motions after discovery is completed and agree to the dates for summary judgment briefing as set forth in the proposed Scheduling Order attached as Exhibit A.

## VI. Initial Disclosures

The Parties agree to exchange initial disclosures within 30 days following entry of the Court's Scheduling Order.

## VII. Discovery Plan

The Parties agree to the proposed Scheduling Order attached as Exhibit A. The Parties agree to conduct discovery pursuant to the scope and limitations in the Federal Rules of Civil Procedure and the Local Civil Rules, with the following modifications:

- Depositions.
  - Each side may take up to 15 fact depositions.
- Interrogatories.
  - Defendants may serve up to 25 interrogatories in total directed to Relators.
  - Relators may serve up to 60 interrogatories in total to be allocated across all Defendants of which not more than 15 will be directed to DiNardo.

The Parties do not believe that the requirements for exchange of expert witness reports and information pursuant to Federal Rule of Civil Procedure 26(a)(2) need to be modified. The Parties anticipate that expert depositions will take place between the dates of expert disclosure and the close of expert discovery. The Parties do not anticipate any issues about disclosure, discovery, or preservation of electronically stored information ("ESI"), including the form or

forms in which it should be produced. Prior to exchanging ESI, the Parties will work together to stipulate to (1) an ESI protocol and (2) a protective order regarding confidential and privileged information, including an agreement regarding inadvertent disclosure of privileged information.

## VIII. Bifurcation of Trial or Discovery

The Parties do not believe that trial or discovery should be bifurcated or managed in phases, except in regard to expert discovery, as set forth in the Parties' proposed schedule.

## IX. Pretrial Conference and Trial Dates

The Parties propose that the Court schedule a pretrial conference after the Court rules on any motions for summary judgment. The parties propose that the Court set a trial date at that conference.

## X. Other Matters

No other matters require attention at this time.

Date: October 5, 2026

Respectfully submitted,

*/s/ Frank R. Volpe*
Frank R. Volpe (D.C. Bar No. 458791)
Kwaku A. Akowuah (D.C. Bar No. 992575)
Victor T. Hiltner (D.C. Bar No. 90005590)
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, DC 20005
Telephone: (202) 736-8000
Fax: (202) 736-8711
fvolpe@sidley.com
kakowuah@sidley.com
vhiltner@sidley.com

Neil H. Conrad (*pro hac vice*)
Gina R. Bohannon (*pro hac vice*)
SIDLEY AUSTIN LLP

*/s/ Jeremy Ritter-Wiseman*

Sara M. Lord, DC Bar No. 1620099
Gabriel H. Scannapieco, DC Bar No. 90012713
Jeremy Ritter-Wiseman, DC Bar No. 90020480
Justin Ferraro (*pro hac vice* forthcoming)
ARNALL GOLDEN GREGORY LLP
2100 Pennsylvania Avenue NW, Suite 350S
Washington, DC 20037
Telephone: 202.677.4058
Fax: 202.677.4059
sara.lord@agg.com
gabe.scannapieco@agg.com
jeremy.ritter-wiseman@agg.com
justin.ferraro@agg.com

1 S. Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Fax: (312) 853-7063
nconrad@sidley.com
gbohannon@sidley.com

*Counsel for Defendants U.S. Cellular Corp., USCC Wireless Investment, Inc., Telephone and Data Systems, Inc., King Street Wireless, L.P., King Street Wireless, Inc., Advantage Spectrum, L.P., Frequency Advantage, L.P., Sunshine Spectrum, Inc., and Nonesuch, Inc.*

*Attorneys for Plaintiffs-Relators Mark J. O'Connor and Sara F. Leibman*

*/s/ Andrew S. Tulumello*
Andrew S. Tulumello, DC Bar No. 468351
Chantale Fiebig, DC Bar No. 487671
Luke Sullivan, DC Bar No. 1631774
WEIL, GOTSHAL & MANGES LLP
2001 M Street, N.W.
Washington, DC 20036
Telephone: (202) 682-7100
Facsimile: (202) 857-0940
drew.tulumello@weil.com
chantale.fiebig@weil.com

*Attorneys for Defendant Allison Cryor DiNardo*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**UNITED STATES OF AMERICA**
***ex rel.***
**MARK J. O'CONNOR AND SARA F. LEIBMAN,**

Plaintiffs-Relators,

v.

**UNITED STATES CELLULAR CORPORATION, *et al.*,**

Defendants.

**Civil Action No.: 1:20-cv-2070 (TSC)**

## SCHEDULING ORDER

**1. DEADLINES:**

It is hereby **ORDERED** that the parties shall adhere to the following deadlines:

| | |
|---|---|
| Deadline to Exchange Initial Disclosures | 30 days following entry of the Court's Scheduling Order. |
| Deadline to Amend the Pleadings | January 8, 2027 |
| Deadline to Join Additional Parties | January 8, 2027 |
| End of Fact Discovery | September 20, 2027 |
| Relators' and Defendants' Rule 26(a)(2) Affirmative Expert Disclosures | October 18, 2027 |
| Relators' and Defendants' Rebuttal Expert Disclosures | December 15, 2027 |
| End of Expert Discovery | January 29, 2028 |
| Defendants' Motions for Summary Judgment due | March 14, 2028 |
| Relators' Opposition and Cross Motion due | May 12, 2028 |
| Defendants' Reply and Opposition due | June 26, 2028 |
| Relators' Reply in Support of Cross Motion due | July 31, 2028 |

**2. DEPOSITIONS AND INTERROGATORIES:**

Absent agreement of the parties or Order of the Court to the contrary, the parties shall be limited to:

- Depositions.
  - Each side may take up to 15 fact depositions.
- Interrogatories.
  - Defendants may serve up to 25 interrogatories in total directed to Relators.
  - Relators may serve up to 60 interrogatories in total to be allocated across all Defendants of which not more than 15 will be directed to DiNardo.

**3. DISCOVERY DISPUTES:**

Counsel shall confer in good faith in an effort to resolve any discovery dispute. If counsel are unable to resolve the dispute, they must first **JOINTLY** submit, via email to chambers, a clear, concise description of the issues in dispute, each party's position on the disputed issues, and the parties' joint availability for an on-the-record telephone conference. The court will then respond as soon as practicable to schedule a telephone conference and provide the parties with call-in information.

**Counsel shall not file any discovery-related motion without a prior telephone conference with the Court and opposing counsel.**

Counsel are hereby notified that a party who does not prevail in a discovery dispute may be ordered to pay the costs involved, including reasonable attorney's fees.

**4. REQUEST FOR APPOINTMENT OF MEDIATOR:**

If at any point the parties desire to engage in mediation, with a Magistrate Judge or through the Mediation Program of the Circuit Executive's Office, the parties shall file a joint motion captioned "Joint Motion for Mediation."